**In re COORDINATED PRETRIAL PROCEEDINGS IN PETROLEUM PRODUCTS ANTITRUST LITIGATION.**

**The STATE OF FLORIDA, on behalf of itself and its public entities and residents, Plaintiffs-Appellants,**

v.

**KERR–McGEE CORPORATION, Defendant-Appellee.**

No. 80–1978.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Oct. 1, 1981.

Decided Jan. 21, 1982.

Jerome W. Hoffman, Asst. Atty. Gen., Tallahassee, Fla. (Jim Smith, Atty. Gen., Bill L. Bryant, Jr., and Larry H. Evans, Asst. Attys. Gen., The Dept. of Legal Affairs, Antitrust Section, Tallahassee, Fla., and Stephen L. Dunne, Sp. Asst. Atty. Gen., of Jones & Dunne, San Diego, Cal., with him on the brief), for plaintiffs-appellants.

Annita M. Bridges, Oklahoma City, Okl., for Kerr-McGee Corp., defendant-appellee.

Before McWILLIAMS, BARRETT and SEYMOUR, Circuit Judges.

McWILLIAMS, Circuit Judge.

Pursuant to Fed.R.Civ.P. 26(c),[1] the United States District Court for the Western District of Oklahoma entered a protective order wherein it decreed that discovery, requested of a nonparty by a plaintiff in a multidistrict antitrust litigation, be conditioned upon payment of discovery costs incurred by the nonparty. Specifically, the order provided that the production of documents by Kerr-McGee Corporation pursuant

---

1. Fed.R.Civ.P. 26(c) provides, in relevant part:

Upon motion by a party or by the person from whom discovery is sought, and *for good cause shown*, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make *any order* which justice requires to protect a party or person from annoyance, embarrassment, oppression, or *undue burden or expense,* .... (emphasis added).

to the State of Florida's subpoena duces tecum should be conditioned upon the payment by Florida of $8,782.98 to Kerr-McGee as expenses for such production. Florida now appeals from this order, pursuant to 28 U.S.C. § 1291 (1976). We affirm.

Florida is the plaintiff in an antitrust action brought against several major oil companies. *Florida v. Exxon Corp.*, No. 73–112–CIV–T (N.D.Fla., filed July 9, 1973) and No. CV 76–2840 WPG (C.D.Cal.). Florida's suit alleges that the defendant oil companies have conspired to fix the prices of petroleum products, to create an artificial scarcity of petroleum products and to monopolize the petroleum industry. The Florida case has been consolidated with similar suits, brought by other states, for coordinated pretrial proceedings in the United States District Court for the Central District of California. *Petroleum Products Antitrust Litigation*, MDL Docket No. 150 WPG (C.D. Cal.). Kerr-McGee is *not* a party to this antitrust action brought by Florida and certain other states. Discovery against nonparties has been authorized by order of the California judge supervising the coordinated pretrial proceedings, however.

On August 7, 1979, Florida caused a notice of deposition and subpoena duces tecum to be served on Kerr-McGee, pursuant to Fed.R.Civ.P. 45(d). The subpoena requested the production of certain documents relating to the purchase, refining, and marketing of crude oil and petroleum products by Kerr-McGee during the years 1970 through 1973. The subpoena duces tecum consisted of eighteen pages, with thirteen categories of documents, and it sought information from Kerr-McGee and all of its subsidiaries. The subpoena originally had a production date of August 17, 1979, which was later reset for September 17, 1979. On August 14, 1979, Kerr-McGee filed objections to the subpoena, pursuant to Fed.R. Civ.P. 45(d)(1). Such objections were nonspecific. Thereafter, Florida and Kerr-

McGee agreed that the production date would be reset for March 31, 1980.

On or about March 5, 1980, Kerr-McGee advised Florida, for the first time, that it would not produce the requested documents on March 31, 1980, unless Florida agreed to pay certain costs incurred by Kerr-McGee in producing the documents. Florida declined to pay such costs as a condition for production.

On March 27, 1980, four days prior to the date set for production, Kerr-McGee filed a motion for a protective order with the United States District Court for the Western District of Oklahoma. After an evidentiary hearing was held on such motion, the district court granted Kerr-McGee's motion and entered the protective order. It is from that order that Florida appeals.[2]

As indicated, the trial court conditioned Kerr-McGee's production of the requested documents upon the payment by Florida of the sum of $8,782.98. Kerr-McGee has subsidiaries in Houston, Corpus Christi, and New York City. The records of those subsidiaries, as well as the records maintained by Kerr-McGee at its home office in Oklahoma City, had to be searched. Such search was made by operating personnel and by house counsel. The cost was $9,623, of which amount the sum of $5,125.58 was attributable to the legal work of house counsel, and the sum of $4,497.42 was attributable to the actual searching done by operating personnel. Kerr-McGee sought to be reimbursed for the latter sum, $4,497.42, which represented work hours of its operating personnel. In addition, Kerr-McGee sought reimbursement for the cost of shipping the requested records from the subsidiary offices to Oklahoma City, as well as the travel expense of its house counsel who went to the subsidiary offices to search for the relevant documents. Such expense was $4,285.56, which sum, when added to the cost of the record search by Kerr-McGee

---

**2.** One issue raised by Florida in this appeal can be dealt with summarily. Florida claims that Kerr-McGee's motion for a protective order, which was filed four days prior to the date set for production, was untimely. As the district court below correctly noted, a motion under Fed.R.Civ.P. 26(c) for protection from a subpoena is timely filed if made before the date set for production. *See United States v. IBM Corp.*, 70 F.R.D. 700, 701 (S.D.N.Y.1976).

operating personnel equals $8,782.98, the figure adopted by the trial court in the protective order which Florida now seeks to have set aside.

Both parties agree that a protective order entered by a trial court pursuant to Fed.R.Civ.P. 26(c) should not be overturned on appeal unless there has been an abuse of discretion. *Silkwood v. Kerr-McGee Corp.*, 563 F.2d 433, 436 (10th Cir. 1977). An abuse of discretion occurs only when the trial court bases its decision on an erroneous conclusion of law or where there is no rational basis in the evidence for the ruling. A reviewing court should not substitute its judgment for that of a trial court. It is the unusual or exceptional case where the reviewing court will vacate a protective order entered by a trial court under Fed.R.Civ.P. 26(c). *See Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975). This standard of appellate review applies equally to discovery sought in a proceeding ancillary to the principal action, even where the principal action pending elsewhere is a multidistrict case in a transferee court. *In Re Multi-Piece Rim Products Liability Litigation*, 653 F.2d 671, 679 (D.C.Cir.1981). In accord with these accepted standards, we find that the trial court in the instant case did not abuse its discretion and it is on that basis that we affirm.

At the outset we note that Kerr-McGee is not seeking to quash the subpoena duces tecum, nor does it seek to withhold forever the requested documents from Florida. Rather, Kerr-McGee simply seeks to impose a condition upon its production. A party seeking to quash a subpoena duces tecum has a particularly heavy burden as contrasted to a party seeking only limited protection. *Westinghouse Electric Corp. v. City of Burlington*, 351 F.2d 762, 766 (D.C. Cir.1965); *Horizons Titanium Corp. v. Norton Co.*, 290 F.2d 421, 425 (1st Cir. 1961).

The relevance of the requested documents is not an issue in this case. Hence, the appropriate balancing test does not concern the relevance of the information sought vis-a-vis the burden imposed upon the responding party. Rather, we are concerned with the burden imposed upon the responding party if a protective order is not granted as compared with the burden imposed upon the requesting party if a protective order imposing conditions is granted. *See General Dynamics Corp. v. Selb Manufacturing Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973), *cert. denied*, 414 U.S. 1162, 94 S.Ct. 926, 39 L.Ed.2d 116 (1974). In this regard, Florida attempts to make much of the fact that only some $8,000 is involved. According to Florida, this sum is a mere pittance when compared with Kerr-McGee's total assets. That argument, though perhaps superficially appealing, is not a complete answer. For example, $250,000 also would be but a fraction of Kerr-McGee's total assets, and yet it is difficult for us to believe that such sum would not constitute an undue burden and expense within the meaning of Fed.R.Civ.P. 26(c). By the same token, the burden placed on Florida by the trial court's protective order is not an impossible one, or even a particularly harsh one. The State of Florida is presumptively not penniless, and we have no doubt that it can advance the cost of producing the documents which it believes will assist it in the antitrust action, not against Kerr-McGee, but others.

We note also that Kerr-McGee is not a party to the underlying antitrust action. A literal reading of the discovery rules does not indicate that a nonparty responding to a subpoena duces tecum is in any different position than a party to the action. Nonetheless, the fact remains that in responding to the present subpoena duces tecum, Kerr-McGee is performing no work that conceivably could inure to its benefit. In this regard, the Supreme Court, in *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358, 98 S.Ct. 2380, 2393, 57 L.Ed.2d 253 (1978) indicated that where a defendant in a proceeding performs the work necessary to respond to a subpoena duces tecum, his own case, to some degree at least, is benefited thereby. The Court cited that fact as a reason for declining to shift costs under Fed.R.Civ.P. 26(c). Such reason is not present in the instant case. Florida, not

Kerr-McGee, is receiving the benefit from discovery.[3]

All things considered, we cannot say that the trial court abused its discretion in entering the protective order. In such circumstance, we should affirm.

Judgment affirmed.

---

**3.** The *Oppenheimer Fund* case centered upon the question of whether the representative plaintiff or the defendant in a class action litigation should bear the cost of compiling the list of names and addresses of the members of the plaintiff class. The Supreme Court held that a district court, exercising its discretion under Fed.R.Civ.P. 23(d), should be ready to place the cost of the defendant's performance of an ordered task on the representative plaintiff because only he would derive benefit therefrom. As we have indicated, it is our view that a nonparty ordered to perform a task, the benefits of which will inure only to parties to the litigation, is in a position analogous to the defendant in a class action suit. Thus, we see no reason why a district court, exercising its discretion under Fed.R.Civ.P. 26(c), should be reluctant to place the costs of discovery upon the party deriving benefit therefrom. The Ninth Circuit is in general accord with these views. In *Dart Industries Co. v. Westwood Chemical Co.*, 649 F.2d 646, 649 (9th Cir. 1980), the court recognized that discovery is a valuable right and that it should not be restricted unnecessarily. Nevertheless, the Ninth Circuit found that courts should be more ready to find "necessary" restrictions when a nonparty is the target of discovery. *Accord, Collins and Aikman Corp. v. J. P. Stevens & Co.*, 51 F.R.D. 219, 221 (D.S.C.1971).