**James TREBBY and Yvonne Trebby, Husband and Wife, Plaintiffs,**

v.

**The GOODYEAR TIRE & RUBBER COMPANY, Defendant.**

**The GOODYEAR TIRE & RUBBER COMPANY, Third–Party Plaintiff,**

v.

**T.N.T. SERVICE, a/k/a T.N.T. Tire Service, and Leo Nowik, Third–Party Defendants.**

**No. 88 Civ. 1817 (RPP).**

United States District Court, S.D. New York.

Feb. 5, 1990.

Edward J. Lackaye, Jr., Poughkeepsie, N.Y., for plaintiffs James Trebby and Yvonne Trebby.

Alan D. Kaplan, Gallagher & Gosseen, The Chancery, Mineola, N.Y., for defendant third-party plaintiff Goodyear Tire & Rubber Co.

Randy W. James, John C. Risjord & Associates, P.C., Overland Park, Kan., for plaintiffs.

Stephen K. Blunda, Quirk & Bakalor, P.C., New York City, for third-party defendants T.N.T. Service a/k/a T.N.T. Tire Service and Leo Nowik.

DECISION

ROBERT P. PATTERSON, Jr., District Judge.

Defendant, The Goodyear Tire & Rubber Company (Goodyear), has moved to quash

plaintiffs' notices of deposition of Gerhard Gerbeth and Robert Hutchinson, both former employees of Goodyear, to preserve their testimony for use at trial. Plaintiffs' notices of deposition request the right to videotape said depositions.

■ With respect to the prospective witness, Robert Hutchinson, the motion to quash is granted. Mr. Hutchinson is hospitalized with a serious heart condition. Plaintiffs may serve a new notice only after Mr. Hutchinson has been released from the hospital and his attending physician has indicated that the taking of his testimony will not be detrimental to his health.

■ With respect to the prospective witness, Gerhard Gerbeth, he is no longer an employee of Goodyear and does not reside within the scope of this Court's power of subpoena. It is agreed that he is in good health and Goodyear has agreed to make him available at trial. Plaintiff responds that a trial date may be relatively remote in time. Mr. Gerbeth has been deposed many times by plaintiffs' Kansas counsel. His deposition is not required for discovery purposes, but to preserve his testimony. Accordingly, the Court grants Goodyear's motion to quash the notice of deposition on the condition that Goodyear files with the Court a statement sworn to by Mr. Gerbeth to the effect that he will appear as a potential witness at the trial of this case if called by plaintiff. Such statement shall be filed with the Court within ten days of the date of entry of this decision.

SO ORDERED.