**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 19 2003**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ROSE MARY AHRENS,
Administrator of the Estate of
Lawrence P. Ahrens,

       Plaintiff - Appellant,

v.

FORD MOTOR COMPANY and
NEW HOLLAND NORTH
AMERICA, INC.,

       Defendants - Appellees.

No. 02-6284

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
(D.C. No. 01-CV-398-HE)**

---

John Gehlhausen, Lamar, Colorado, for Plaintiff-Appellant.

Joseph Walters (Amy T. Kranenburg with him on the brief) of McAfee & Taft,
P.C., Oklahoma City, Oklahoma, for Defendants-Appellees.

---

Before **SEYMOUR**, **McKAY** and **LUCERO**, Circuit Judges.

---

**McKAY**, Circuit Judge.

---

In this diversity action, Appellant Rose Mary Ahrens brought suit against Appellees Ford Motor Company and New Holland North America, Inc., for the wrongful death of her husband, Lawrence P. Ahrens. In her complaint, Appellant alleged strict liability for a design defect, failure to warn of defects, and inadequate post-sale warnings.

The district court, after reviewing the pleadings, affidavits, and depositions of expert and lay witnesses and other discovery, determined that the undisputed facts established that the tractor was not defective or unreasonably dangerous beyond the expectations of the ordinary consumer. Therefore, the district court granted Appellees' motion for summary judgment, and Appellant has appealed.

The facts, construed in favor of Appellant for purposes of reviewing a grant of summary judgment, indicate that on October 11, 2000, Mr. Ahrens was driving a Ford Model 5000D tractor on a country road near Welch, Oklahoma, pulling a folded rake. An unidentified motorist crashed into the rake from behind, throwing Mr. Ahrens from the tractor. The tractor ran over Mr. Ahrens, crushing and killing him.

The tractor was manufactured on July 23, 1967. The tractor was never equipped with a rollover protection system (ROPS), which is a safety system that includes both a rollover bar and a seat belt. The ROPS is designed to protect the operator of the tractor from rollover accidents and from being thrown from the

tractor.  Appellant alleges that Appellees are liable for the wrongful death of her husband because (1) the tractor was defective and unreasonably dangerous due to the absence of a ROPS at the time of sale, (2) the tractor was defective and unreasonably dangerous due to Appellees' failure to give adequate warnings of the need for a ROPS, and (3) Appellees failed to give adequate post-sale warnings to its customers about the need for a ROPS.  Appellant also alleges that the district court erred in excusing two Ford employees from giving depositions.

Because this is a diversity case, we rely on the substantive law of Oklahoma and apply federal procedural law.  See Boyd Rosene & Assocs., Inc. v. Kansas Mun. Gas Agency, 174 F.3d 1115, 1118 (10th Cir. 1999); Allen v. Minnstar, Inc., 8 F.3d 1470, 1476 (10th Cir. 1993).  Therefore, we will apply Oklahoma products liability law to the three substantive claims and federal law to the denial-of-depositions issue.  We review grants of summary judgment *de novo* to determine whether any genuine issue of material fact exists, viewing all evidence and any reasonable inferences that might be drawn therefrom in the light most favorable to the non-moving party.  Dye v. United States, 121 F.3d 1399, 1403 (10th Cir. 1997); Richmond v. ONEOK, 120 F.3d 205, 208 (10th Cir. 1997). We review discovery orders for abuse of discretion.  Florida v. Kerr-McGee Corp., 669 F.2d 620, 623 (10th Cir. 1982).

Appellant's first claim is that the tractor that Mr. Ahrens was operating at

the time of his death was defective and unreasonably dangerous due to the absence of a ROPS. An important part of a ROPS system is a seat belt. As experts in this case have testified, manufacturers in the United States do not install seat belts in tractors without also including a rollover bar. See App., Vol. 2, at 469. To do so would likely make tractors less safe than without a ROPS at all since, should a rollover occur, a seat-belted operator would have little chance of jumping or being thrown clear of the tractor. See id.

To prevail on her claim of defective design, Appellant must show that (1) the tractor was defective, (2) the tractor was dangerous to an extent not contemplated by an ordinary consumer, (3) the defect existed at the time it left the possession and control of the manufacturer, and (4) the defect proximately caused the injuries. Woods v. Fruehauf Trailer Corp., 765 P.2d 770, 773-74 (Okla. 1988); Lamke v. Futorian Corp., 709 P.2d 684, 686 (Okla. 1985). We assume for summary judgment purposes that had Mr. Ahrens been wearing a seat belt at the time of the accident, he would not have been thrown from the tractor and killed. Therefore, as both parties appear to agree, the primary issue in this case is whether the absence of a seat belt rendered the tractor unreasonably dangerous to an extent beyond the contemplation of the ordinary consumer.

Appellant concedes that the absence of a rollover bar and seat belt is obvious to the consumer but argues that the tractor is unreasonably dangerous

because the risks associated with operating a tractor without a ROPS are significantly greater than the ordinary consumer would expect. However, as the district court recognized, Appellant's experts rely primarily on evidence of the risks associated with rollover accidents. Mr. Sevart, Appellant's primary expert, testified in his affidavit that few consumers consider the risk of rollover and overestimate their ability to avoid a rollover accident. See App., Vol. 2, at 470. Indeed, Mr. Sevart's entire affidavit is devoted to the risks of rollover. Appellant has failed, either through Mr. Sevart's testimony or elsewhere, to introduce evidence that the absence of a *seat belt* rendered the tractor unreasonably dangerous to an extent beyond that of the ordinary consumer.

Unfortunately for Appellant's case, this case does not involve a rollover. Mr. Ahrens was not killed because the tractor rolled over, but rather because he was thrown from the tractor. Consequently, the district court was correct in concluding that evidence of rollovers was irrelevant to the determination of whether the tractor was unreasonably dangerous and was therefore inadmissible. In a products liability case, evidence of other accidents is not admissible to prove a defect unless the facts of the other accidents are substantially similar. Wheeler v. John Deere Co., 862 F.2d 1404, 1408 (10th Cir. 1988).

Appellant has not argued that Mr. Ahrens would have been saved by a rollover bar alone, but rather by a seat belt. Therefore, Appellant must produce

-5-

evidence that the absence of a seat belt rendered the tractor unreasonably dangerous to an extent beyond the contemplation of an ordinary consumer. Appellant attempts to bridge the gap of causation by pointing to evidence of the high risk of rollover accidents. Appellant argues that the seat belt and rollover bar are integrally connected in a comprehensive ROPS system and that the tractor at issue was unsafe because it did not include that system.

To use the language of the district court, Appellant is trying to "bootstrap" evidence of the risks of rollovers to a case involving substantially dissimilar circumstances. Oklahoma law requires that we look to the risks within the contemplation of the ordinary consumer. Therefore, evidence that ordinary consumers underestimate the risks of rollover tells us nothing about consumers' contemplation of risks associated with operating a tractor without a seat belt.

Appellant argues that her legal theory is based on the lack of an integrated ROPS and not the lack of a seat belt alone, suggesting that "in product liability cases the Plaintiff's theory of defect, not the always varying accident facts, should determine substantial similarity." Aplt. Br. at 23. Unfortunately for Appellant, this argument turns the law on its head. The facts of the case, however they misfit the legal theory, always govern the case.

Therefore, the relevant factual issue here is the degree to which the ordinary consumer would contemplate the danger of not having a seat belt in the

event of a collision. As the district court explained, to the limited extent that Appellant's expert addressed the risks of operating a tractor without a seat belt, that testimony is inadmissible because the issues could be understood by an ordinary jury. See Getter v. Wal-Mart Stores, Inc., 66 F.3d 1119, 1124 (10th Cir. 1995); Thompson v. State Farm Fire & Cas. Co., 34 F.3d 932, 941 (10th Cir. 1994).

Because Appellant has failed to show how the lack of a seat belt on a tractor constitutes a risk beyond the contemplation of the ordinary consumer, we agree with the district court that the tractor involved in this case was not defective for lack of a seat belt. Therefore the court's grant of summary judgment in favor of Appellees on the design defect claim was not error.

Appellant also disputes the district court's grant of summary judgment in favor of Appellees with respect to her claim that Appellees failed to give adequate warnings to consumers about the need for a ROPS. A product may be considered "defective if it is placed in the hands of the ultimate consumer without adequate warnings of the dangers involved in its use." McKee v. Moore, 648 P.2d 21, 23 (Okla. 1982).

Once again, Oklahoma law requires that we look to the expectations of the ordinary consumer. The duty to warn is only implicated where the manufacturer has no reason to expect ordinary users to discover the danger involved. Duane v.

Oklahoma Gas & Elec. Co., 833 P.2d 284, 286 (Okla. 1992). Moreover, Oklahoma does not recognize a duty to warn of dangers that are obvious. See Lamke, 709 P.2d at 687; Steele v. Daisy Mfg. Co., 743 P.2d 1107, 1109 (Okla. Ct. App. 1987).

As discussed above, the danger of falling off of a tractor not equipped with a seat belt is open and obvious to an ordinary consumer. Appellant contends, however, that while the absence of a ROPS (including a seat belt) is obvious, the risk of rollovers is not obvious to the ordinary consumer and, therefore, a warning was required. Nevertheless, as discussed above, Appellant's burden is specific to seat belts. While Appellant's experts may be correct in asserting that the ordinary consumer under-appreciates the risk of rollover, this assertion tells us nothing about the ordinary consumer's expectations about falling off.

Appellant has not shown that the risk of falling from a tractor without a seat belt is beyond the contemplation of an ordinary consumer. Therefore, we agree with the district court that, as a matter of law, the tractor in question was not defective for failure of Appellees to provide warnings about the lack of a seat belt or the risks of operating the tractor without a seat belt.

Appellant also alleges that Appellees failed to provide adequate post-sale warnings about the risks associated with the lack of a ROPS. While recognizing that it is unclear whether Oklahoma has recognized a post-sale duty to warn, we

agree with the district court that, having determined that no actionable defect existed and that no duty to warn existed, the claim of a post-sale duty to warn is without merit.

Finally, Appellant argues that the district court erred in conditionally excusing two Ford employees from giving depositions. We review discovery orders for abuse of discretion. Florida v. Kerr-McGee Corp., 669 F.2d 620, 623 (10th Cir. 1982).

Appellant sought to depose W. J. Foxwell and John O'Donnell. Both men were engineers employed by Ford who were involved in the design and engineering of the tractor in question. In light of the ages and health conditions of the two men, the court excused them from giving their depositions, at least until Appellant had deposed Mr. Abramczyk, Appellees' expert. The court appears to have determined that the information sought of the two elderly men could be obtained from Mr. Abramczyk.

Appellant argues that the district court abused its discretion in excusing the two men from giving their depositions because their knowledge of the design and engineering of the tractor was unique and first-hand, as opposed to Mr. Abramczyk's speculative expert testimony. A court's discretion to quash a discovery request due to a witness' failing health or the overly burdensome nature of the request is well established, particularly where the information is believed to

be obtainable from another source.  See Fed. R. Civ. P. 26(b)(2) and (c); Micro

Motion, Inc. v. Kane Steel Co., Inc., 894 F.2d 1318, 1323 (Fed. Cir. 1990); Baine

v. Gen. Motors Corp., 141 F.R.D. 332, 334 (M.D. Ala. 1991); Trebby v. Goodyear

Tire & Rubber Co., 129 F.R.D. 468, 469 (S.D.N.Y. 1990).

While the parties argue about the comparative value of the testimony by

Mr. Abramczyk, the severity of the employees' health and memory problems, and

the degree of burden that the request poses, we do not resolve such issues *de

novo*.  We must merely determine whether the district court abused its discretion

in excusing the depositions.  Considering the age and health status of the

employees and the district court's belief that Mr. Abramczyk's testimony would

yield comparable evidence, we cannot conclude that the district court abused its

discretion in excusing the depositions.

On appeal, Appellees filed a motion seeking to strike certain material from

Appellant's opening brief, arguing that such material was not presented before the

district court.  Whereas our general rule is not to consider evidence not presented

to the district court, some circuits have applied equitable principles to supplement

the record with material surfacing after the district court proceeding.  John

Hancock Mut. Life Ins. Co. v. Weisman, 27 F.3d 500, 506 (10th Cir. 1994); Allen

v. Minnstar, Inc., 8 F.3d 1470, 1474 (10th Cir. 1993).  Without deciding whether

the facts in this case warrant the exercise of such equitable discretion, we

conclude that because we are affirming the district court's order there is no harm in allowing the material as part of the appellate record. Appellees' motion is therefore **DENIED.**

**AFFIRMED.**