F I L E D
**United States Court of Appeals
Tenth Circuit**

APR 5 2004

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

ANTHONY T. AVERY,

      Plaintiff-Appellant,

v.

JARED ANDERSON; AARON D.
KENNARD; RONALD G. ADAMS,
sued in their individual capacities,

      Defendants-Appellees.

No. 03-4213
(D. Utah)
(D.Ct. No. 2:01-CV-763-TC)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **TACHA**, Chief Circuit Judge, and **PORFILIO** and **BRORBY**, Senior
Circuit Judges.

_____

      After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

_____

     [*] This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Anthony T. Avery, a federal inmate appearing *pro se*, appeals the district court's summary judgment dismissal of his complaint, filed pursuant to 42 U.S.C. § 1983. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

In his civil rights complaint, Mr. Avery alleged a prison official violated his Eighth Amendment right against cruel and unusual punishment by maliciously using excessive force against him when handcuffing him, resulting in a lacerated wrist and injured thumb.[1] The specific facts surrounding his complaints of excessive force and injuries are more fully set forth in the district court's order granting summary judgment.

Following Mr. Avery's filing of his *pro se* civil rights complaint, he requested appointment of counsel and production of documents. The district court denied Mr. Avery's request for counsel, explaining no constitutional right to counsel exists in § 1983 actions. Relying on *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995), it explained 28 U.S.C. §1915(e)(1) allows the court discretion to appoint counsel for indigent inmates, subject to various factors such

---

[1] The district court issued an order *sua sponte* dismissing all the defendants, except the officer who handcuffed Mr. Avery, based in part on Mr. Avery's failure to allege those defendants personally participated in the denial of his constitutional rights. Mr. Avery is not appealing their dismissal.

as the merits of the claims, the nature of the factual issues raised, the litigant's ability to present his claims, and the complexity of the legal claims raised. After considering these factors, the district court concluded: 1) it was unclear whether Mr. Avery asserted a colorable claim; 2) no complex issues existed; and 3) Mr. Avery was not incapacitated nor unable to adequately function in pursing his claims. The district court noted it would appoint counsel if it appeared necessary after further screening of the case. The district court then issued an order staying the action and directing the defendant correction officer to file a *Martinez* report. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).

The correction officer, through counsel, filed a comprehensive *Martinez* report and a motion for summary judgment to dismiss Mr. Avery's complaint. The *Martinez* report included the correction officer's affidavit, affidavits of other correction officers either present during or immediately after the handcuffing incident, and internal reports following an investigation of the incident. Mr. Avery filed his responses to both the *Martinez* report and the motion for summary judgment, which included his own declaration and affidavits of several inmates who witnessed the incident. Mr. Avery also filed a motion to compel discovery based on his earlier request for production of documents. The district court denied and struck this motion from the record based on its stay of the

proceedings.

On receipt of Mr. Avery's response to the *Martinez* report, the district court issued an order granting summary judgment in favor of the correction officer. In so doing, the district court carefully analyzed the parties' summary judgment burdens, the doctrine of qualified immunity, and the applicable law for establishing an Eighth Amendment claim for use of excessive force. Applying these standards, the district court found a dispute of material fact did exist as to: 1) the level of force necessary to prevent Mr. Avery from pulling his cuffed left hand back into his cell; 2) whether the officer warned Mr. Avery about resisting; and 3) the nature of the injuries to Mr. Avery's wrist, arm and thumb.[2]

Despite this dispute of fact, the district court noted it must look at whether the officer was entitled to qualified immunity as a matter of law. In determining whether the force used could plausibly have been unnecessary or wanton, the district court relied on *Hudson v. McMillian*, 503 U.S. 1, 7 (1992), in explaining

---

[2] In the *Martinez* report, the correction officer relied on affidavits and medical records indicating Mr. Avery's thumb suffered trauma, infection and degenerative arthritis prior to the cuffing incident. Even though Mr. Avery disputes this contention, the cause and nature of his injuries are not material to resolving the issue of qualified immunity in this case.

it must consider "the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response."

In applying this analysis, the district court noted Mr. Avery admitted he violated cuffing procedures by: 1) withdrawing his uncuffed right hand from a cuff-port after the officer already cuffed his left hand; 2) refusing to comply with the officer's orders; and 3) demanding the officer uncuff his left hand. Mr. Avery's admission he withdrew his uncuffed hand from the cuff-port was corroborated by officers who witnessed the incident and stated Mr. Avery appeared to be attempting to pull the cuffs into his cell. The officer cuffing Mr. Avery stated he believed Mr. Avery was attempting to pull the cuffs into the cell and knew he could use the cuffs as a weapon to injure his cell-mate or corrections officers if allowed to gain control of them.

Under the circumstances presented, the district court concluded the officer's belief was reasonable and the only way to make Mr. Avery physically comply was to exert force on his already cuffed arm. Accordingly, the district court concluded the officer was entitled to qualified immunity because "the

amount of force described by [Mr. Avery], even if objectively unreasonable under the circumstances, was not so far disproportionate to the perceived threat that it would have been clear to a reasonable officer that the conduct was unlawful in the situation he confronted."

On appeal, Mr. Avery raises essentially three issues, contending the district court improperly:  1) denied him appointment of counsel; 2) denied his discovery request; and  3) granted summary judgment even though genuine issues of disputed material fact existed as to whether the officer used excessive, unprovoked force.  In support of his appeal, Mr. Avery provides a well-pled, articulately crafted *pro se* brief.

Our analysis on appeal is dependent on the standards by which we must review summary judgment dismissal of Mr. Avery's complaint.  In general, we review a summary judgment order *de novo*, considering the evidence and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party.  *See Cooperman v. David*, 214 F.3d 1162, 1164 (10th Cir. 2000).  Summary judgment is proper only when there are no genuinely disputed material issues of fact and the moving party is entitled to judgment as a matter of law.  *Id.* (quoting Fed. R. Civ. Proc. 56(c)).  A mere factual dispute will not

preclude summary judgment, but instead, a genuine issue of material fact must exist. *Id.* "[T]he substantive law will identify which facts are material," and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* On appeal, this court construes *pro se* pleadings liberally, applying a less stringent standard than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In reviewing summary judgment motions, we look at the parties' respective burdens. With respect to claims of individual liability, the defendant, as the movant for summary judgment, bears the initial burden of demonstrating the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998). Movants may meet their burden simply by pointing out a lack of evidence on the nonmovant's essential claims. *Id.* at 671. If this initial burden is carried, the nonmovant may not rest solely on his pleadings, but must set out specific facts in support of his claims, by reference to affidavits, deposition transcripts or other exhibits incorporated therein. *Id.*

We apply the burdens of the parties differently on claims of qualified

immunity. "When a § 1983 defendant raises the defense of qualified immunity on summary judgment, the burden shifts to the plaintiff to show that 1) the official violated a constitutional or statutory right; and 2) the constitutional or statutory right was clearly established when the alleged violation occurred." *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1312 (10th Cir. 2002) (quotation marks and citations omitted). To determine whether the right was clearly established, "[t]he relevant, dispositive inquiry ... is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202 (2001). As the district court explained, the existence of a genuine issue of material fact does not automatically preclude a grant of summary judgment on qualified immunity grounds over the issue of excessive force. *Id.* A court may consider if, under the facts alleged by the nonmoving party, a reasonable officer would have clearly understood if the level of forced used was excessive. *Id.* at 205. "If the officer's mistake as to what the law requires is reasonable, however, the officer is entitled to the immunity defense." *Id.* at 205.

We have reviewed the parties' pleadings and briefs, the record on appeal, the district court's decision, and considered them in light of the applicable law, including the summary judgment standard and respective burdens of proof. The district court issued a comprehensive Order granting summary judgment based on

-8-

the issue of qualified immunity, and in so doing, clearly considered the applicable law, and the facts in the light most favorable to Mr. Avery. We agree with the district court's conclusion summary judgment as a matter of law is appropriate in this instance given Mr. Avery's admission he violated cuffing procedures by withdrawing his uncuffed hand, disobeying the officer's orders, and demanding his left hand be uncuffed. This, together with the defendant's and other officers' reasonable belief Mr. Avery was attempting to pull the cuffs into his cell and might use the cuffs as a weapon, are undisputed material facts sufficient to support entitlement to qualified immunity. While the district court found genuine issues of disputed material fact existed in this case, those material to the issue of qualified immunity are not in dispute. Accordingly, the district court did not err in determining the officer was entitled to qualified immunity because "the amount of force described by [Mr. Avery,] even if objectively unreasonable under the circumstances, was not so far disproportionate to the perceived threat that it would have been clear to a reasonable officer that the conduct was unlawful in the situation he confronted."

As to the issue of appointment of counsel, "[w]e review the denial of appointment of counsel in a civil case for an abuse of discretion." *Rucks*, 57 F.3d at 979. The district court did not err in holding no constitutional right to counsel

exists for prisoners alleging civil rights violations, *see Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989), and that 28 U.S.C. § 1915(e)(1) permits a district court to appoint counsel only if it deems it appropriate. In making this determination, the court considers "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks*, 57 F.3d at 979 (quotation marks and citation omitted). In this case, the district court clearly considered these factors, and found appointment of counsel unnecessary. We note the remarkable quality, clarity and thoroughness of Mr. Avery's *pro se* appeal brief, together with his § 1983 complaint, certainly demonstrate his ability to present his claims. For this and the same reasons articulated by the district court, we conclude it did not abuse its discretion in denying Mr. Avery's motion to appoint counsel.

Similarly, we review a district court's denial of a discovery request for abuse of discretion. *See Ahrens v. Ford Motor Co.*, 340 F.3d 1142, 1145 (10th Cir. 2003). In this case, we conclude no abuse of discretion occurred in denying Mr. Avery's discovery request before granting the summary judgment motion as a matter of law. As the Supreme Court has explained, courts are under an obligation to resolve threshold qualified immunity issues before allowing

discovery, and "bare allegations of malice" are insufficient "to subject government officials either to the costs of trial or to the burdens of broad-reaching discovery." *See Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982). Accordingly, qualified immunity is intended to shield a defendant not only from liability, but from the burdens of trial, including unnecessary discovery. *See Pueblo Neighborhood Health Ctrs., Inc. v. Losavio*, 847 F.2d 642, 645 (10th Cir. 1988). In this case, sufficient undisputed material facts existed to resolve the issue of qualified immunity as a matter of law, without the need for additional discovery.

Accordingly, for substantially the same reasons articulated in the district court's August 21, 2003 Order, and the reasons articulated herein, we hold the district court properly granted summary judgment in favor of the defendant and dismissed Mr. Avery's complaint. For these reasons, we **AFFIRM** the district court's order and **DISMISS** Mr. Avery's appeal. We nevertheless grant Mr. Avery's motion for leave to proceed on appeal without prepayment of costs or fees.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

-11-