United States Court of Appeals
Fifth Circuit

**F I L E D**

April 5, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-50568

_____

UNITED STATES AVIATION UNDERWRITERS, INC., Manager, United States Aircraft Insurance Group, Inc., a New York Corporation,

Plaintiff-Appellant,

versus

RAYTHEON AIRCRAFT COMPANY, Etc., ET AL.,

Defendants,

RAYTHEON AIRCRAFT COMPANY, a Kansas Corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court for
the Western District of Texas
(USDC No. 1:03-CV-26-LY)

_____

Before REAVLEY, JOLLY and DeMOSS, Circuit Judges.

1

PER CURIAM:*

The summary judgment of the district court is affirmed for the following

reasons:

1.    There is no evidence that Raytheon as a reseller altered or modified the

      plane before reselling it in 1999.  Under Oklahoma law, no strict

      liability is obtained.  *Allenberg v. Bentley Hedges Travel Serv., Inc.*,

      22 P.3d 223, 230 (Okla. 2001).

2.    As for the wiring criticized by the FAA in 1991, that was how the

      plane was manufactured in 1976.  While Raytheon is the corporate

      successor of Beech Aircraft, which manufactured the plane, this

      liability is barred by the General Aviation Revitalization Act's

      eighteen-year statute of repose.  49 U.S.C. § 40101.

3.    Assuming the inverter select relay was made by Beech and installed in

      1990, there is no evidence it was defective.  The argument over Dr.

      Rhoten's testimony is misplaced.  Indeed, there was a fact issue on the

      recovery of the relay and, in any event, his testimony was certainly

---

* Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

admissible. But all he said was that he thought the inverter select relay failed. He said that he did not know why or how it failed and that he had no knowledge as to whether it was defective when it was manufactured. *Ahrens v. Ford Motor Co.*, 340 F.3d 1142, 1145 (10th Cir. 2003) (applying Oklahoma law).

4. The claim that Raytheon failed to warn the buyer of the plane of the 1991 FAA statement about the bus wiring fails because this information was known by the plane's pilot. *Duane v. Okla. Gas & Elec. Co.*, 833 P.2d 284, 287 (Okla. 1992) ("Where the danger or potentiality of danger is known or should be known to the user, the duty to warn does not attach."). Furthermore, the change recommended by the FAA would not have saved this plane where both buses failed. *Gaines-Tabb v. ICI Explosives, USA, Inc.*, 160 F.3d 613, 620 (10th Cir. 1998) (applying Oklahoma law) (recognizing lack of proximate cause where the causal nexus is broken).

AFFIRMED.