2010 WY 104

Corey J. JOST, M.D., and Board of Trustees of the Memorial Hospital of Sheridan County, a County Memorial Hospital and Body Corporate, Petitioners,

v.

Carean L. GOSS and Leo Goss, Husband and Wife, Respondents.

No. S–10–0149.

Supreme Court of Wyoming.

July 29, 2010.

### ORDER GRANTING PETITION FOR WRIT OF REVIEW

[¶ 1]  **This matter** came before the Court upon a "Petition for Writ of Review," filed herein July 8, 2010.  After a careful review of the petition, the "Response to Petition for Writ of Review," and the file, this Court finds it appropriate to rule on this matter without further briefing.  This Court finds that the petition should be granted and that the district court's "Order Denying Motion to Dismiss filed Herein by Defendants Jost and Memorial Hospital" should be reversed, in part.  While this Court agrees with much of the district court's analysis, this Court finds that it must clarify the analysis in this matter.  This Court also finds that it must make clear that further district court proceedings are necessary to determine if the Gosses' claim was presented in a timely fashion.

[¶ 2]  Petitioners' motion to dismiss is governed by Wyo. Stat. Ann. § 1–39–113, which provides in pertinent part:

W.S. § 1–39–113.  Claims procedure.

(a) No action shall be brought under this act against a governmental entity unless the claim upon which the action is based is presented to the entity as an itemized statement in writing within two (2) years of the date of the alleged act, error or omission, except that a cause of action may be instituted not more than two (2) years after discovery of the alleged act, error or omission, if the claimant can establish that the alleged act, error or omission was:

(i) Not reasonably discoverable within a two (2) year period; or

(ii) The claimant failed to discover the alleged act, error or omission within the

two (2) year period despite the exercise of due diligence.

■ [¶ 3] Under this statute, the first question to be answered is the date of the act, error, or omission. The date of the act, error, or omission should not be confused with the date of *discovery* of the act, error, or omission. Here, the district court did not examine the date of the act error or omission. In *Metzger v. Kalke,* 709 P.2d 414, 417 (Wyo.1985), this Court held that, with respect to the statute of limitations found in Wyo. Stat. Ann. § 1–3–107, "the act, error or omission which starts the running of the statute of limitations against medical malpractice actions is the termination of the course of treatment for the same or related illnesses or injuries." In future proceedings, the district court should determine the date of the act error or omission. However, for purposes of this order, this Court will assume the date of the act, error, or omission was March of 2007. According to Mrs. Goss' affidavit, she was "under Dr. Jost's care for my continuing, severe abdominal pain from early October, 2006 through some date in February or March, 2007 ..."

[¶ 4] Once the date of the act, error, or omission is determined, the next question is whether the act, error or omission was discovered within two years of the date. If the discovery was made within two years, then the claim must be presented within the two-year period. (Unlike Wyo. Stat. Ann. § 1–3–107(a)(iv), Wyo. Stat. Ann. § 1–39–113 does not include a six-month extension period for claims discovered in the second year of the two year period.) Here, the Petitioners argue that the alleged negligence was discovered on April 18, 2007. The Gosses claim the alleged negligence was discovered on April 24, 2008. The district court used the latter date in its analysis. Assuming that March 2007 is the date of the act, error, or omission, it makes no difference which of those two dates is correct. Both dates are within two years of the act, error, or omission of March of 2007. Stated another way, because discovery was made in the two year period, any governmental claim should have been presented by March of 2009, assuming the Goss-

es knew or should have known by then that Dr. Jost was a government employee.

[¶ 5] The problem here is that the Gosses apparently did not know, by March of 2009, that Dr. Jost was a government employee. The Gosses assert they did not know that fact until April 13, 2009. Assuming that date to be accurate, then that date may be the date of discovery. In that respect, this case is similar to *Romero v. Schulze,* 974 P.2d 959, 965 (Wyo.1999), where this Court concluded:

> Romero did not discover that Dr. Schulze was an employee of the hospital until November 19, 1996. The two-year notice-of-claim period under the Wyoming Governmental Claims Act, therefore, commenced on that date, and the summary judgment entered because of the failure to timely serve the notice of claim is reversed.

(Importantly, Dr. Schulze completed care on November 14, 1994, meaning the employment relationship in *Romero* was discovered *after* expiration of the two-year period. *Id.* at fn. 1.)

■ [¶ 6] Assuming the Gosses did not discover the employment relationship until April 13, 2009, (over two years after the act, error, or omission), Wyo. Stat. Ann. § 1–39–113(a)(i) and (ii) require further analysis. In other words, the Gosses' claim may be timely, but only if they discovered the employment relationship over two years after the act, error, or omission *AND* either (A) the employment relationship was "[n]ot reasonably discoverable" within a two-year period *OR* (B) the Gosses failed to discover the employment relationship within the two-year period "despite the exercise of due diligence."

[¶ 7] As the district court appeared to recognize, these questions are generally not appropriate for summary adjudication. In *Heimer v. Antelope Valley Improvement,* 2010 WY 29, ¶ 18, 226 P.3d 860 (Wyo.2010), this Court noted that "[t]he application of the discovery rule to a statute of limitations involves a mixed question of law and fact; consequently, the entry of summary judgment on the issue of when a statute of limitations commences to run is typically inappropriate."

[¶ 8]   With the foregoing in mind, this Court turns to the district court's decision. In its decision letter, the district court wrote:

After a careful review of the record and accepting [the Gosses] allegations that they did not discover the alleged act, error, or omission until April 24, 2008, the Court finds that they timely filed their governmental claim within the two year period. Similarly, applying summary judgment standards, the Court finds that a material question of fact exists with respect to date upon which [the Gosses] discovered the alleged act, error or omission.

While the discovery of the employment relationship may be of little consequence based on the Court's above finding, the Court nonetheless finds that a material question of fact also exists as to when [the Gosses] discovered the relationship. * * * * *

[¶ 9]   This Court finds two problems with the district court's ruling.  First, in the first quoted paragraph, the district court appears to be using the date of discovery of the act, error, or omission as the date of the act, error, or omission.  As noted, the district court did not determine (even for the limited purpose of a motion to dismiss) the date of the act, error, or omission.  That date must be determined before it can be concluded that the Respondents "timely filed their governmental claim within the two year period."

[¶ 10]   With respect to the second paragraph, this Court disagrees with the district court that the date of discovery of the employment relationship "may be of little consequence."  Instead, as in *Romero v. Schulze,* this Court finds that the date of discovery of the employment relationship is crucial to the analysis.  This Court finds that, with respect to these two rulings, the district court's order should be reversed.  It is, therefore,

[¶ 11]   **ORDERED** that the Petition for Writ of Review, filed herein July 8, 2010, be, and hereby is, granted;  and it is further

[¶ 12]   **ORDERED** that the district court's "Order Denying Motion to Dismiss filed Herein by Defendants Jost and Memorial Hospital," filed June 24, 2010, be and

hereby is, reversed, to the extent noted above;  and it is further

[¶ 13]   **ORDERED** that this matter is remanded to the district court for proceedings consistent with this order.

[¶ 14]   **DATED** this 29th day of July, 2010.

By the Court:

/s/ Marilyn S. Kite
MARILYN S. KITE
Chief Justice.