FILED
United States Court of Appeals
Tenth Circuit

April 19, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

KATHRYN A. RADLOFF-FRANCIS,

Plaintiff–Appellant,

v.

WYOMING MEDICAL CENTER, INC.,
a Wyoming corporation;
GHAZI GHANEM, M.D.,

Defendants–Appellees.

No. 12-8049
(D.C. No. 2:11-CV-00031-NDF)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and
**MATHESON**, Circuit Judge.

Kathryn A. Radloff-Francis appeals the district court's dismissal of her claims

of negligence.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

In June 2008, Radloff-Francis sought medical care at Wyoming Medical

Center, Inc. ("WMC") for an infected right index finger.  She was treated by Ghazi

Ghanem, M.D., an infectious disease specialist, who ordered that a PICC line be

inserted in Radloff-Francis' infected right arm.  Radloff-Francis developed deep vein

thrombosis, which she claims resulted from the PICC line.  On July 2, 2010,

Radloff-Francis filed a notice of claim with the Wyoming Medical Review Panel

related to her care and treatment by WMC and Ghanem.  The parties waived

proceedings before the review panel, and the matter was dismissed in December

2010, affording Radloff-Francis leave to pursue her malpractice action in court.

In January 2011, Radloff-Francis brought this negligence action against

Ghanem and WMC in federal court under diversity jurisdiction.[1]  Radloff-Francis

filed an amended complaint in February 2011.  In lieu of filing an answer to her

complaint, Ghanem moved to dismiss under Fed. R. Civ. P. 12(b)(6), on the grounds

that Radloff-Francis' claims were barred by the applicable two-year statute of

limitations set forth in Wyo. Stat. § 1-3-107.  The district court granted the motion

and dismissed the claims against Ghanem.[2]  Radloff-Francis unsuccessfully moved to

---

[1] The complaint also named Vickie Diamond and Diane Payne as defendants.
These parties were dismissed by stipulation.

[2] The district court noted that the applicable date for calculating the statute of
limitations is the date of filing the notice of claim with the review panel, not the date
of filing of the complaint.  Under Wyoming law, the notice of claim tolls the running
of the limitations period in a malpractice action.  See Wyo. Stat. § 9-2-1518(a).

set aside the district court's order by filing a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). WMC then moved to dismiss the negligence claim against it on statute of limitations grounds. The district court granted WMC's motion and entered a final order of judgment.

**II**

Because this is a diversity case, we apply the substantive law of Wyoming, but apply federal law to procedural issues. See Ahrens v. Ford Motor Co., 340 F.3d 1142, 1145 (10th Cir. 2003). We review de novo a district court's grant of a motion to dismiss, applying the same standards as the district court. Russell v. United States, 551 F.3d 1174, 1178 (10th Cir. 2008). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain enough allegations of fact, taken as true, to state a claim to relief that is plausible on its face." Khalik v. United Air Lines, 671 F.3d 1188, 1190 (10th Cir. 2012) (quotation omitted). "We also review de novo a district court's ruling regarding the applicability of a statute of limitations." Plaza Speedway Inc. v. United States, 311 F.3d 1262, 1266 (10th Cir. 2002) (quotation omitted).

We reject Radloff-Francis' assertion that Ghanem could not raise the affirmative defense of a statute of limitations bar in a motion to dismiss. In lieu of an answer, a defendant may move to dismiss under Rule 12(b). See Fed. R. Civ. P. 12(a)(4). And although a statute of limitations bar is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss "when the dates given in the

- 3 -

complaint make clear that the right sued upon has been extinguished." Aldrich v. McCulloch Props., Inc., 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).

To the extent that Radloff-Francis argues the date of discovery is not clear from the complaint, we reject this assertion. Radloff-Francis' claims are governed by § 1-3-107, which requires a professional medical negligence claim to be filed within two years of the "act, error[,] or omission in the rendering of licensed or certified professional or health care services" unless the act, error, or omission was "[n]ot reasonably discoverable within a two (2) year period" or "[t]he claimant failed to discover the alleged act, error[,] or omission within the two (2) year period despite the exercise of due diligence."

Accordingly, the "first question to be answered is the date of the act, error or omission . . . [which] should not be confused with the date of discovery of the act, error, or omission." Jost v. Goss, 236 P.3d 994, 995 (Wyo. 2010). The "act, error[,] or omission which starts the running of the statute of limitations against medical malpractice actions is the termination of the course of treatment for the same or related illnesses or injuries." Id. (quotation omitted). "Termination of treatment has reference to the practitioner against whom claim is made." Echols v. Keeler, 735 P.2d 730, 731 (Wyo. 1987). "Once the date of the act, error[,] or omission is determined, the next question is whether the act, error, or omission was discovered within two years of the date." Jost, 236 P.3d at 995. "If the discovery was made within two years, then the claim must be presented within the two-year period." Id.

- 4 -

We agree with the district court that Radloff-Francis' claim against Ghanem accrued on June 11, 2008, the last date she was treated by Ghanem. Radloff-Francis argues that the date she discovered the act, error, or omission that caused her injury cannot be gleaned from her complaint. We disagree. Radloff-Francis' complaint expressly alleged that a PICC line was improperly inserted in her right arm on June 11, 2008, and "as a direct result, on or about June 29, 2008, [Radloff-Francis] . . . was admitted . . . with a diagnosis of deep vein thrombosis, right upper extremity, post-PICC line." Accordingly, the allegations in the complaint plainly reveal that the alleged wrongful conduct resulting in Radloff-Francis' injury, i.e., deep vein thrombosis, was discovered on June 29, 2008. Because the act, error, or omission was discovered within the two-year period, Radloff-Francis was required to file her claim within the two-year period. See Jost, 236 P.3d at 995. And because the critical dates appeared plainly on the face of Radloff-Francis' complaint, we conclude the statute of limitations defense was properly raised and resolved in the Rule 12(b) context. See Aldrich, 627 F.2d at 1041 n.4.

To the extent that Radloff-Francis challenges the district court's dismissal of her negligence claims against WMC, we similarly affirm the district court, but do so on other grounds. The district court determined that the claim against WMC accrued on June 29, 2008. It appears that the district court used the date of discovery of the act, error, or omission as the relevant date. Radloff-Francis alleged WMC was negligent in failing to use appropriate nursing judgment by placing a PICC line in an

- 5 -

infected arm and in failing to use reasonable care in supervising treatment of patients. Accordingly, WMC's alleged wrongful conduct occurred before June 29, 2008. But as with Ghanem, the complaint plainly shows that Radloff-Francis discovered WMC's alleged negligence on June 29, 2008. Again, the critical dates appeared on Radloff-Francis' complaint, and therefore the district court did not err in dismissing the claims against WMC on statute of limitations grounds.

Lastly, Radloff-Francis states that she is appealing the district court's denial of her motion for relief from judgment, but does not advance any argument on that point. Accordingly, Radloff-Francis has waived appeal of this issue. See Murrell v. Shalala, 43 F.3d 1388, 1389-90 n.2 (10th Cir. 1994) (noting that perfunctory allegations that fail to frame and develop an issue are insufficient to invoke appellate review).

### III

The judgment of the district court is **AFFIRMED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge

- 6 -