2007 WY 82

**Carol L. VROMAN, Appellant (Plaintiff),**

v.

**TOWN & COUNTRY CREDIT CORP.,
Appellee (Defendant).**

No. 06–170.

Supreme Court of Wyoming.

May 15, 2007.

Representing Appellant: William D. Bagley, of Bagley, Karpan, Rose & White, Cheyenne, Wyoming.

Representing Appellee: Dale W. Cottam and Billie L.M. Addleman, of Hirst & Applegate, PC, Cheyenne, Wyoming. Argument by Mr. Addleman.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

BURKE, Justice.

[¶ 1] Appellant Carol Vroman initiated this litigation seeking damages for a mortgage refinancing transaction that went awry. Appellee Town and Country Credit Corp. ("Town and Country") admitted liability. Following a bench trial, the district court entered its Judgment and Order in favor of Town and Country because it found that Ms. Vroman was not entitled to damages. On appeal, Ms. Vroman challenges the district court's decision, claiming that she should have received punitive and compensatory damages. We find no error in the district court's failure to award punitive damages. However, we conclude that, in light of Town and Country's admission of liability, the district court erred in failing to award compensatory damages caused by the failure to obtain releases of all mortgages of record on Ms. Vroman's properties. Accordingly, we affirm in part, reverse in part and remand.

### ISSUES

[¶ 2] Ms. Vroman presents the following issues:

I.  Did the District Court err in failing to award damages for the injury resulting from the admitted negligence and admitted breach of contract of [Appellee] Town and Country?

II. Did the District Court err in failing to award punitive damages?

### FACTS

[¶ 3] Town and Country is in the mortgage lending business and, in 2003, identified Ms. Vroman as a potential customer. Ms. Vroman owned two properties, each with two mortgages. Her residence was encumbered by a first mortgage in favor of CitiFinancial with a balance of approximately $85,000 and a second mortgage held by Beneficial with a balance of approximately $46,000. Ms. Vroman's rental property was encumbered by a CitiFinancial first mortgage of $55,000 and a second mortgage of $20,000 held by WyHy Federal Credit Union ("WyHy").

[¶ 4] Jeremiah Jennings, a loan officer employed by Town and Country, initiated telephone contact with Ms. Vroman to solicit her business. At the time, Ms. Vroman was behind in her payments on her second mortgage with Beneficial. Her $20,000 WyHy mortgage debt had been discharged in bankruptcy but a lien remained on the property. As a result of the discharge, Ms. Vroman had not made any payments on the WyHy debt for several years. In addition to her mortgage debt, Ms. Vroman had personal consumer debt of $4,450, some of which was in collection. She also owed $3,207.29 in delinquent property taxes.

[¶ 5] Due to Ms. Vroman's poor credit history, and the lack of equity in the properties, refinancing proved difficult. From Town and Country's perspective, refinancing was not possible unless something could be worked out with Beneficial and WyHy. Mr. Jennings testified that he negotiated a "short sale" with both companies. According to Mr. Jennings, Beneficial agreed to accept $30,000 for release of its second mortgage on the residence and WyHy agreed to accept $10,000 for release of its second mortgage on the rental property.

[¶ 6] Based on these arrangements, Ms. Vroman and Town and Country entered into a refinancing agreement. The total amount loaned by Town and Country was agreed to be $207,500. For this amount, all existing mortgages were to be satisfied, closing costs paid, and certain personal debt and property taxes would be paid. The settlement statement Ms. Vroman signed reflected that additional funds would be disbursed to her for personal use.

[¶ 7] Closing of the Town and Country loan occurred in December 2003. In January 2004, the title company, relying on a payoff statement provided by Town and Country, issued a check to Beneficial in the amount of $30,433.18 for release of its mortgage on the Vroman residence. Beneficial returned the check asserting that the amount was insufficient to satisfy the underlying debt. Beneficial refused to release its mortgage until the debt was paid in full. As a result, the Town and Country mortgage on the Vroman residence property was subordinate to the Beneficial mortgage and Ms. Vroman remained liable for monthly payments on the Beneficial

mortgage in addition to her payment obligations resulting from the new Town and Country loan.

[¶ 8] The title company also issued a $10,000 check to WyHy for release of its mortgage on the rental property pursuant to the payoff statement provided by Town and Country. WyHy cashed the check, but did not release its mortgage. Instead, WyHy subordinated its mortgage to the Town and Country mortgage.

[¶ 9] Ms. Vroman was not advised that the Beneficial and WyHy mortgages had not been satisfied and released. She learned of the continued existence of Beneficial's mortgage when Beneficial initiated foreclosure proceedings. In order to forestall foreclosure by Beneficial, Ms. Vroman was forced to make an additional mortgage payment to Beneficial in the amount of $1,001. In April 2004, Town and Country paid Beneficial $46,631.10 for release of the Beneficial mortgage.[1] Ms. Vroman learned of the continued existence of the WyHy mortgage when she sold her rental property in May 2005. In order to provide clear title to the purchaser, Ms. Vroman paid the balance of $12,968.93 on the WyHy mortgage.

[¶ 10] Ms. Vroman filed suit in the district court for Laramie County against Town and Country and others associated with the refinancing. She alleged various causes of action against some or all of the defendants. The claims against Town and Country relevant to this appeal include Ms. Vroman's claim for compensatory damages predicated upon Town and Country's negligence, breach of contract, fraud, and her claim for punitive damages.

[¶ 11] Prior to trial, Town and Country admitted that it was negligent in the refinancing of Ms. Vroman's properties and admitted that it had breached its contracts with Ms. Vroman. Town and Country conceded that it "was the sole cause of [Ms. Vroman's] alleged damages," but continued to deny that she had suffered any damages. Town and Country also asserted a counterclaim against Ms. Vroman for the additional $16,197.92 it had paid Beneficial for release of its mortgage.

[¶ 12] A two day bench trial was held in March 2006. During trial, the district court granted judgment as a matter of law in favor of Town and Country on Ms. Vroman's fraud claim, and dismissed Town and Country's counterclaim against Ms. Vroman for the $16,197.92.[2] At the conclusion of the trial, the district court determined Ms. Vroman was not entitled to damages despite Town and Country's admission of liability. The district court reasoned that any such damages would be offset by the additional amount that Town and Country paid to release the Beneficial mortgage. As a result, the district court entered judgment in favor of Town and Country. Ms. Vroman appealed.

### STANDARD OF REVIEW

[¶ 13] We review a district court's findings of fact under a clearly erroneous standard.

> The factual findings of a judge are not entitled to the limited review afforded a jury verdict. While the findings are presumptively correct, the appellate court may examine all of the properly admissible evidence in the record. Due regard is given to the opportunity of the trial judge to assess the credibility of the witnesses, and our review does not entail weighing disputed evidence. Findings of fact will not be set aside unless the findings are clearly erroneous. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.

*Forshee v. Delaney*, 2005 WY 103, ¶ 6, 118 P.3d 445, 448 (Wyo.2005) (quoting *Springer*

---

1. In addition to the $30,433.18 that was previously contemplated in the loan documents for the payoff of the second mortgage to Beneficial, Town and Country paid an additional $16,197.92 of its own funds to obtain a release of the Beneficial mortgage.

2. The district court also granted judgment as a matter of law with respect to the other defendants on all claims against them.

*v. Blue Cross and Blue Shield of Wyoming,* 944 P.2d 1173, 1175–76 (Wyo.1997)).

## DISCUSSION

■ [¶ 14] As a result of the "botched" refinancing plan arranged by Town and Country, Ms. Vroman claimed damages, *inter alia,* for the additional sums she was forced to pay to clear the second mortgages on her properties. Those damages consisted of the extra mortgage payment she was required to pay to Beneficial and the additional $12,968.93 she was required to pay to WyHy upon selling her rental property.

[¶ 15] Prior to trial, Town and Country filed a pleading entitled "Defendant Town & Country Credit Corp.'s Admission of Negligence and Breach of Contract," stating:

1. Town & Country Credit Corp. hereby admits that it was negligent in the refinancing of Plaintiff's residential and rental properties and was the sole cause of Plaintiff's alleged damages, if any.

2. Town & Country hereby admits that it breached its contracts with Plaintiff in the refinancing of her residential and rental properties and was the sole cause of Plaintiff's alleged damages, if any.

[¶ 16] At trial, the district court took note of Town and Country's admission and correctly observed that its only task was "to determine which elements of damage [resulted] from the admitted breach of duty." After hearing testimony and receiving documentary evidence, the district court issued its decision letter containing its findings of fact and conclusions of law. The district court found that Town and Country "failed in its duty to see that the prior second mortgages were removed." Despite this finding, the district court ultimately concluded that Ms. Vroman was not entitled to damages.

■ [¶ 17] The purpose of compensatory damages is to place the injured party in the position he or she would have been in had the wrongful conduct not occurred. As we have explained:

Compensatory damages are awarded to reimburse an individual for losses suffered as a result of another's failure to perform some duty. They are designed to make the individual whole; that is, to place him in the condition he would have been in if the other party had adequately performed the duty owed.

*Alexander v. Meduna,* 2002 WY 83, ¶ 36, 47 P.3d 206, 217–18 (Wyo.2002) (internal citations omitted).

[¶ 18] We find that the district court's decision in this matter does not leave Ms. Vroman in the position she would have been in if Town and Country had adequately performed its duty. At the beginning of the refinancing process, Ms. Vroman owed $46,000 to Beneficial for its second mortgage and a lien existed on the rental property for a second mortgage of $20,000 to WyHy. By admitting liability, Town and Country conceded that it was responsible for the failure to obtain releases of the mortgages.

[¶ 19] The district court denied Ms. Vroman's claim for damages associated with payment of the WyHy mortgage because "these amounts would be subject to Ms. Vroman's obligation to Town and Country to repay." We find no evidence in the record supporting this determination and conclude it is clearly erroneous. It is undisputed that the amount loaned by Town and Country to Ms. Vroman was the maximum authorized by Town and Country's lending policies. As the district court noted, "Remember, because of the bad credit rating, [Ms. Vroman] had reached her borrowing limit with Town and Country; otherwise additional funding would have been available." This "borrowing limit" was predicated upon the understanding that after refinancing, preexisting loans secured by the properties, including the Beneficial mortgage and the WyHy mortgage, would be released. Town and Country admitted liability for failing to obtain releases of those mortgages. It was never contemplated by either Town and Country or Ms. Vroman that Ms. Vroman would remain liable for the Beneficial or WyHy mortgage after the Town and Country loan had been finalized.

[¶ 20] In an effort to meet its obligation to Ms. Vroman, Town and Country paid Beneficial the full amount owing on the Beneficial mortgage, $46,631.10. At the time of

making this payment, Town and Country did not seek reimbursement from Ms. Vroman, nor did Town and Country make any assertion that Ms. Vroman was obligated to pay this amount. In responding to Ms. Vroman's complaint, however, Town and Country asserted a counterclaim against Ms. Vroman alleging a claim based upon unjust enrichment and seeking reimbursement of the $16,197.92 it had paid to satisfy the Beneficial mortgage. The district court dismissed this claim and Town and Country has not appealed from that ruling. The district court's rationale that the $16,197.92 payment somehow offsets Ms. Vroman's damages is flawed.

[¶ 21] Ms. Vroman incurred damages because Beneficial's mortgage was not satisfied at closing. After closing, Beneficial continued to assert its rights to monthly payments under the mortgage. Ms. Vroman made an additional mortgage payment of $1,001 to Beneficial to hold off the foreclosure. This payment would not have been necessary if the Beneficial mortgage had been satisfied and released at closing. Similarly, Ms. Vroman was required to pay $12,968.93 to WyHy in order to provide clear title to the purchasers of her rental property. That payment would not have been necessary if, as agreed, the WyHy mortgage had been satisfied and released during the refinancing.

[¶ 22] In light of Town and Country's admission of liability and the undisputed evidence relating to the additional mortgage payment on the Beneficial mortgage and Ms. Vroman's subsequent satisfaction of the WyHy second mortgage, we conclude that the district court erred in failing to award damages to Ms. Vroman. She is entitled to recoup the $13,969.93 she paid.

[¶ 23] Ms. Vroman asserts that other damages were caused by the failure to obtain release of the Beneficial mortgage and the WyHy mortgage. She alleges error in the district court's failure to compensate her for closing costs on the house ($10,028.66) and the rental property ($4,416.07), and damage to her credit rating. In addition, Ms. Vroman claims she did not receive any extra funds from the closing which were to be used to fix the roof on the rental property. The district court declined to award any sums of money with respect to these claims.

[¶ 24] In denying the claim for closing costs, the district court recognized that Ms. Vroman could not accept the benefit of the bargain, i.e., release of the second mortgages without satisfying the obligation she incurred pursuant to the agreement, i.e., payment of closing costs. Town and Country's negligence or breach did not cause Ms. Vroman to incur those costs, and the denial of those costs as damages was not clearly erroneous.

[¶ 25] Ms. Vroman also faults the district court for failing to award damages associated with her credit rating. The district court explained that Ms. Vroman failed to carry her burden of quantifying the degree of the damage claim in a non-speculative way. Although we could imagine that Beneficial's foreclosure proceedings may have negatively impacted Ms. Vroman's credit, such speculation does not suffice for an award of damages. Ms. Vroman simply failed to prove that her credit rating suffered.[3] We cannot say that the district court's decision to deny those damages was clearly erroneous.

[¶ 26] Ms. Vroman also claims damages for lost rental income. She contends that after refinancing, she was not provided with sufficient funds to fix the roof on the rental property. Because the roof could not be fixed, she asserts that she was forced to sell the property and thus, lost potential rental income in the amount of $2,100 per year. The district court rejected her claim. The evidence supports the district court's decision because, unlike the failure to obtain releases of the WyHy and Beneficial mortgages, the amount of cash that would be disbursed to Ms. Vroman was clearly identified on the settlement statements signed at closing. We do not find the district court's decision to deny Ms. Vroman's claim for lost rental income clearly erroneous.

---

**3.** Interestingly, evidence was presented that Ms. Vroman's poor credit rating improved, albeit minimally, from December 2003, to April 2005, after the refinancing process.

[¶ 27] Additionally, Ms. Vroman requested punitive damages for Town and Country's conduct in this transaction. She contends that punitive damages are proper to punish and discourage Town and Country's deceitful financing practices. In its decision letter, the district court addressed this matter and stated: "[s]ince the evidence does not support a finding of compensatory damage[s], punitive damages cannot be considered." We affirm the district court's denial of punitive damages, but we base our decision upon other grounds evident from the record.

[¶ 28] Punitive damages "are not appropriate in circumstances involving inattention, inadvertence, thoughtlessness, mistake, or even gross negligence." *Mayflower Restaurant Co. v. Griego*, 741 P.2d 1106, 1115 (Wyo.1987). Ms. Vroman's claim for punitive damages was premised upon her claim for fraud. She identifies the following allegations asserted in her amended complaint which she contends provide a sufficient basis to award punitive damages:

21. Defendant Town & Country/Ameriquest represented to Plaintiff that her prior debt would be replaced by a single mortgage on each property; that the second mortgage debts had been negotiated down and would be satisfied at closing; and that as a result there would be funds remaining to repair the rental property roof and pay pressing debts.

22. Defendant Town & Country/Ameriquest knew that negotiations with the second mortgage holders [were] not complete and binding and that releases had not been secured for filing by the title company upon closing, and knowingly induced Plaintiff to execute a mortgage to Town & Country/Am-

eriquest [on] her properties that did not cause the releases of the mortgage to Beneficial or WyHy (Exhibit "D" and Exhibit "E"–5 pages).

23. As a result Plaintiff was damaged and is entitled to exemplary damage.

[¶ 29] Fraud must be established by clear and convincing evidence. *Alexander*, ¶ 8, 47 P.3d at 211. While Town and Country admitted liability for negligence and breach of contract, it continued to deny Ms. Vroman's allegations of fraud and claim for punitive damages. After Ms. Vroman presented her case, the district court found evidence of fraud lacking. Judgment as a matter of law was granted in favor of Town and Country. Although on appeal Ms. Vroman restates the allegations in her complaint relating to punitive damages, she has failed to direct us to any evidence in the record supporting those allegations. As a result, we are unable to find that the district court erred in denying the claim for punitive damages.

## CONCLUSION

[¶ 30] We affirm the district court's decision denying punitive damages. The district court's failure to award compensatory damages for the amounts Ms. Vroman incurred to satisfy her second mortgages was clearly erroneous. We reverse the district court's decision denying compensatory damages and remand for entry of a judgment in Ms. Vroman's favor, consistent with this opinion.