# IN THE SUPREME COURT, STATE OF WYOMING

## 2016 WY 61

### APRIL TERM, A.D. 2016

### June 16, 2016

BRET VANCE,

Appellant
(Plaintiff),

v.

S-15-0220

WYOMED LABORATORY, INC., and
GEORGIA L. CARMEN,

Appellees
(Defendants).

*Appeal from the District Court of Albany County*
The Honorable Wade E. Waldrip, Judge

*Representing Appellant:*
　　A. Joe Hageman, Laramie, Wyoming.

*Representing Appellees:*
　　Monty Barnett and Grant Curry of White & Steele P.C., Denver, Colorado.

*Before BURKE, C.J., and HILL, DAVIS, KAUTZ, JJ., and SHARPE, D.J.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.**

**KAUTZ, Justice.**

[¶1]    Bret Vance was an employee of the City of Laramie Fire Department. Wyomed Laboratory, Inc. was a medical laboratory licensed by the Wyoming Department of Transportation (WYDOT) to conduct breath testing for the presence of alcohol. Georgia L. Carmen was an agent or employee of Wyomed Laboratory, Inc., and was licensed by WYDOT to conduct breath testing for the presence of alcohol. (Wyomed and Ms. Carmen are referred to collectively as Wyomed). The City of Laramie fired Mr. Vance after a breath test conducted on him by Wyomed indicated the presence of alcohol.

[¶2]    Mr. Vance sued Wyomed, claiming that Wyomed negligently failed to maintain its testing equipment, negligently failed to train employees on equipment maintenance, and was liable in "negligently misrepresenting that the results of the test were reliable and accurate when reporting those results to the City of Laramie."

[¶3]    Wyomed moved to dismiss Mr. Vance's lawsuit under W.R.C.P. 12(b)(6), asserting that it was barred by the statute of limitations. The district court granted the motion and dismissed all of Mr. Vance's claims. Mr. Vance appeals that dismissal. We affirm.

## ISSUE

[¶4]    The issue before this Court is:

Are Mr. Vance's claims barred by the applicable statute of limitations?

## FACTS

[¶5]    On December 5, 2012, Wyomed conducted a breathalyzer test on Mr. Vance. The breath test showed that Mr. Vance had a blood alcohol content of 0.016%. Wyomed notified both Mr. Vance and the City of Laramie of the test results on that same day. The City of Laramie fired Mr. Vance as a result of the Wyomed breath test, and Mr. Vance challenged that dismissal administratively. At the resulting administrative hearing on February 12, 2013, Mr. Vance became aware of facts he claims suggest Wyomed failed to properly maintain its breathalyzer. Mr. Vance then waited until January 29, 2015 to file a claim against Wyomed under the Wyoming Medical Review Panel Act. Mr. Vance ultimately filed his complaint against Wyomed on May 18, 2015.[1]

---

[1] Mr. Vance's complaint in district court did not allege the dates when the relevant events occurred. The dates were provided to the district court in Wyomed's motion to dismiss and in Mr. Vance's response to that motion. The district court cannot consider matters outside the complaint when deciding a motion to dismiss, unless it treats the motion as one for summary judgment. W.R.C.P. 12(b)(6). Although the procedure here is questionable, no party objected. At oral argument, Mr. Vance's counsel represented that the procedure followed by the district court was proper, and the dates listed above were properly

1

[¶6]    Wyomed filed a motion to dismiss under W.R.C.P 12(b)(6), asserting that any negligence occurred on December 5, 2012, and that Mr. Vance's claim was filed beyond the two year statute of limitations established in Wyo. Stat. Ann. § 1-3-107(a) (LexisNexis 2015).  Mr. Vance filed a response claiming he first discovered Wyomed's alleged negligence at an administrative employment hearing on February 12, 2013.  He acknowledged that § 1-3-107(a) establishes a two year statute of limitations, and he argued that "the [s]tatute of [l]imitations begins to run from discovery of the error or omission."

[¶7]    The district court granted the motion to dismiss on July 27, 2015, without conducting a hearing.  Mr. Vance now appeals that decision.

## STANDARD OF REVIEW

[¶8]    "The application of a statute of limitations is a question of law that is reviewed *de novo.*" *Trinity St. John v. Wagner*, 2013 WY 69, ¶ 6, 302 P.3d 906, 907 (Wyo. 2013).  In reviewing a motion to dismiss we must accept as true all of the facts alleged in the complaint and examine those facts in the light most favorable to the plaintiff.  *Feltner v. Casey Family Program*, 902 P.2d 206, 207 (Wyo. 1995).  "A motion to dismiss, even though sparingly granted, is the proper method for testing the legal sufficiency of the allegations and will be sustained when the complaint shows on its face that the plaintiff is not entitled to relief."  *Id.* at 208 (quoting *Mummery v. Polk,* 770 P.2d 241, 243 (Wyo. 1989)).

## DISCUSSION

[¶9]    The parties agree that the relevant statute of limitations is found in § 1-3-107(a). This statute applies to causes of action arising from the rendering of licensed or certified professional or health care services.  Both Wyomed and Ms. Carmen were licensed to conduct breath tests.  In conducting those tests, they rendered both professional services and health care services.  This statute of limitations states:

> (a)    A cause of action arising from an act, error or omission in the rendering of licensed or certified professional or health care services shall be brought within the greater of the following times:
>     (i) Within two (2) years of the date of the alleged act, error or omission, except that a cause of action

---

before the court for consideration of Wyomed's motion to dismiss. The submission of undisputed dates did not add anything to the complaint, and in this circumstance did not require that the matter be converted to a motion for summary judgment. *See Sump v. Sheridan*, 358 P.2d 637, 640 (Wyo. 1961).

may be instituted not more than two (2) years after discovery of the alleged act, error or omission, if the claimant can establish that the alleged act, error or omission was:

    (A) Not reasonably discoverable within a two (2) year period; or

    (B) The claimant failed to discover the alleged act, error or omission within the two (2) year period despite the exercise of due diligence.

. . . .

    (iv) If . . . the alleged act, error or omission is discovered during the second year of the two (2) year period from the date of the act, error or omission, the period for commencing a lawsuit shall be extended by six (6) months.

Section 1-3-107(a).

[¶10]  To apply this statute of limitations to the facts in this case, we must determine when the "act, error or omission" giving rise to Mr. Vance's causes of action occurred, as alleged in his complaint.  Mr. Vance listed five "counts" in his complaint.  We will review each "count" separately to ascertain the date of the "act, error or omission" supporting Mr. Vance's claims.

[¶11]  Count I of Mr. Vance's complaint alleges that Wyomed "conducted the breath test upon [Mr. Vance]" using a machine that had not been properly maintained and for which calibration records had not been properly kept.  The "act, error or omission" giving rise to this claim is the performance of a breath test on Mr. Vance on December 5, 2012.  Nothing Wyomed may or may not have done with respect to maintenance and records after December 5, 2012, logically has anything to do with Mr. Vance's claim.

[¶12]  Similarly, Count II of Mr. Vance's complaint alleges that Wyomed did not follow proper procedures in administering the breath test to Mr. Vance and "were negligent in their duty to use reasonable care in conducting the test."  Although Mr. Vance conveniently omitted the date of the test from his complaint, it is obvious that the "act, error or omission" giving rise to Count II in his complaint also occurred on December 5, 2012.

[¶13] Count III of Mr. Vance's complaint alleges Wyomed failed "to assure that employees conducting tests (were) adequately trained and able to comply with the user manual."  This count never mentions Mr. Vance and does not connect the allegations to any claimed consequence suffered by Mr. Vance.  However, the section of the complaint titled "Facts Common to All Counts" alleges that Wyomed "conducted a test upon [Mr.

3

Vance] at the request of the City of Laramie and reported a result of .016% BAC to the City of Laramie. Because of the reporting of the test result, [Mr. Vance] was terminated from his employment." This claim amounts to an allegation that the December 5, 2012 test was not properly performed because employees were not properly trained on the testing device and did not have an operating manual for it. Clearly the test on December 5, 2012 is the "act error or omission" giving rise to Count III.

[¶14] Mr. Vance titled Count IV of his complaint as a claim of "Negligent Misrepresentation." In this claim Mr. Vance asserted that Wyomed breached a "duty to advise [Wyomed's] employer . . . that the test . . . was conducted on a machine that had not been inspected and maintained . . . ." Further, Mr. Vance claimed that "[Wyomed] breached their duty of care in negligently misrepresenting that the results of the test were reliable and accurate when reporting those results to the City of Laramie." While there may be significant questions regarding whether the circumstances in this case support a claim for negligent misrepresentation, those questions are beyond the scope of our review. For purposes of this appeal, the only issue is when the "act, error or omission" which gives rise to this claim occurred. It is clear that such event occurred on December 5, 2012, when Wyomed reported the results of Mr. Vance's breath test to his employer.

[¶15] Count V of Mr. Vance's complaint is titled "Gross Negligence." Mr. Vance alleges that Wyomed acted "in willful and wanton disregard of their duty of care" when they did not properly maintain the breath testing machine and did not review the user manual for it. "Gross Negligence" is not a separate cause of action from ordinary negligence, is not the same as willful and wanton misconduct, and will not support a claim for punitive damages. *Vroman v. Town & Country Credit Corp.,* 2007 WY 82, ¶ 28, 158 P.3d 141, 147 (Wyo. 2007). An allegation of willful and wanton misconduct can support a claim for punitive damages, but it also is not a separate cause of action. *Errington v. Zolessi,* 9 P.3d 966, 969 (Wyo. 2000). Accordingly, Mr. Vance's "Gross Negligence" count does not establish a claim of a separate "act, error or omission" but instead relates to Mr. Vance's request for punitive damages. The relevant "act, error or omission" giving rise to Count V is the breath test conducted on Mr. Vance on December 5, 2015.

[¶16] Each of Mr. Vance's claims is based on an "act, error or omission" which occurred on December 5, 2012. Mr. Vance asserts that he discovered the facts supporting his claims sixty-nine days later, on February 12, 2013. Because he discovered those facts within the first year after December 5, 2012, § 1-3-107(a) required that Mr. Vance bring those claims within two years of the act, error or omission, which was December 5, 2014. Mr. Vance did not do so.

[¶17] Mr. Vance argues that because Wyomed had a continuing contractual relationship with the City of Laramie, they had a continuing duty to inform the City of Laramie that the testing device had not been maintained or properly operated. Mr. Vance apparently

4

believes that Wyomed's violation of that continuing duty created a new "act, error or omission" each day, thereby making his claims for relief timely filed per the statute of limitations. Mr. Vance provides no logic or authority for this position. Acts, errors or omissions occurring after December 5, 2012, logically are not connected to Mr. Vance's claims. Nothing Wyomed did or did not do after December 5, 2012 had any effect on the breath test results or on the City's decision to fire Mr. Vance.

[¶18] Mr. Vance also argues that the continuing course of treatment rule which applies to the application of statutes of limitation for malpractice claims against physicians should apply here. That rule provides that the "act, error or omission which starts the running of the statute of limitations against malpractice actions is the termination of the course of treatment for the same or related illnesses or injuries." *Nobles v. Memorial Hosp. of Laramie County,* 2013 WY 66, ¶ 21, 301 P.3d 517, 523 (Wyo. 2013). As with his "continuing duty to disclose" argument, Mr. Vance provides no logic or authority for this position. He does not point to any claim that there was continuing treatment by Wyomed. Nothing in Mr. Vance's complaint even hints at continuing treatment. The only acts, errors or omissions of Wyomed that have any relationship to Mr. Vance's claims occurred and were complete on December 5, 2012.

[¶19] Despite Mr. Vance's unsupported and fanciful arguments, it is clear from his complaint and the agreed dates that the only "acts, errors or omissions" giving rise to Wyomed's claims occurred on December 5, 2012, and no later.

## CONCLUSION

[¶20] Mr. Vance's claims all arise from acts, errors or omissions in the rendering of licensed or certified professional or health care services on December 5, 2012. Mr. Vance failed to bring those claims within the time prescribed by § 1-3-107. The district court properly granted Wyomed's motion to dismiss.

[¶21] Affirmed.

5