2006 WY 75.

**Robert J. PROKOP, M.D.,**
**Appellant (Plaintiff),**

v.

**Tim HOCKHALTER; Geri Hockhalter;**
**Tom McJunkin; and Timber Creek**
**Outfitters, Appellees, (Defendants).**

**No. 05–170.**

Supreme Court of Wyoming.

June 28, 2006.

---

Representing Appellant: Robert J. Prokop, M.D., pro se, Wilber, Nebraska.

Representing Appellees: Monty Barnett and James M. Meseck, of White and Steele, Denver, Colorado.

Before HILL, C.J., and GOLDEN, KITE, VOIGT, and BURKE, JJ.

BURKE, Justice.

[¶ 1]   This case comes before this Court as two certified questions from the United States Court of Appeals for the Tenth Circuit.  The first question asks us to consider whether the two-year statute of limitations contained in Wyo. Stat. Ann. § 1–3–107(a) (LexisNexis 2005) applies to actions against licensed outfitters and professional hunting guides.  If we conclude that the two-year

limitations period does apply, the second question asks us to consider whether it applies to both contract and tort claims.

## ISSUES

[¶ 2]   The certified questions are as follows:

1. Wyo. Stat. Ann. § 23–2–407 provides for licensing outfitters and professional guides.  Wyo. Stat. Ann. § 1–3–107(a) requires that actions "arising from an act, error or omission in the rendering of licensed or certified professional or health care services be brought within . . . two (2) years of the date of the alleged act."  Does this two-year statute of limitations apply to actions against licensed outfitters and professional guides?

2. The Wyoming Supreme Court has referred to § 1–3–107(a) as "the professional malpractice statute," and stated that "the premise of professional malpractice is usually based in tort."  *See Richardson Assocs. v. Lincoln–Devore, Inc.*, 806 P.2d 790, 800 (Wyo.1991).  If the two-year limitation period applies to actions against outfitters and professional guides, does it apply to contract claims as well as tort claims?

## FACTS

[¶ 3]   Tim and Geri Hockhalter are the owners and operators of Timber Creek Outfitters.  Timber Creek Outfitters is licensed as an outfitter by the State of Wyoming Board of Outfitters and Professional Guides ("the Board").  Tim Hockhalter and Tom McJunkin are licensed as professional hunting guides.

[¶ 4]   Robert Prokop, M.D., hired Timber Creek Outfitters to take him on a guided bighorn sheep hunt near Cody, Wyoming.  The hunting trip commenced on September 23, 2001.  Mr. McJunkin acted as Dr. Prokop's guide.  On September 26, 2001, Dr. Prokop terminated his hunt.  He did not harvest a bighorn sheep during the hunt.

[¶ 5]   On October 1, 2003, Dr. Prokop filed a *pro se* complaint in federal district court against Timber Creek Outfitters, Tim and Geri Hockhalter, and Tom McJunkin.  He

asserted claims for breach of contract, negligence, and intentional infliction of emotional distress. The federal district court granted summary judgment based on Wyo. Stat. Ann. § 1–3–107(a), the two-year statute of limitations applicable to professional services. Dr. Prokop appealed to the Tenth Circuit Court of Appeals. The tenth circuit presented certified questions to us, which we agreed to answer.

### STANDARD OF REVIEW

[¶ 6] We review certified questions pursuant to W.R.A.P. 11. According to Rule 11.01, we may answer a question of law "which may be determinative of the cause" pending in the certifying court and "concerning which it appears there is no controlling precedent" from this Court. *Id.* "[Q]uestions of the application of the law, including identification of the correct rule, are considered *de novo.*" *Pinnacle Bank v. Villa*, 2004 WY 150, ¶ 5, 100 P.3d 1287, 1289 (Wyo.2004) (quoting *EOG Resources, Inc. v. State*, 2003 WY 34, ¶ 7, 64 P.3d 757, [759] (Wyo.2003)).

### DISCUSSION

*Two–Year Professional Negligence Statute of Limitations*

[¶ 7] The first certified question asks us to determine whether the two-year statute of limitations contained in Wyo. Stat. Ann. § 1–3–107(a) applies to licensed outfitters and professional guides. Section 1–3–107(a) provides, in relevant part:

(a) A cause of action arising from an act, error or omission in the rendering of licensed or certified professional or health care services shall be brought within the greater of the following times:

(i) Within two (2) years of the date of the alleged act, error or omission, except that a cause of action may be instituted not more than two (2) years after discovery of the alleged act, error or omission, if the claimant can establish that the alleged act, error or omission was:

(A) Not reasonably discoverable within a two (2) year period; or

(B) The claimant failed to discover the alleged act, error or omission within

the two (2) year period despite the exercise of due diligence.

While this Court has never addressed the question, in *Walters v. Grand Teton Crest Outfitters, Inc.*, 804 F.Supp. 1442 (D.Wyo. 1992), the federal district court held that a licensed outfitter is not a professional and, therefore, the two-year statute of limitations did not apply. Dr. Prokop argues that the rationale articulated in *Walters* should be applied by this Court. Timber Creek Outfitters, the Hockhalters, and Mr. McJunkin, on the other hand, urge us to adopt the reasoning we applied in *Rawlinson v. Greer*, 2003 WY 28, ¶¶ 15–16, 64 P.3d 120, 123–24 (Wyo. 2003), where we concluded that realtors are professionals subject to the two-year statute of limitations.

[¶ 8] The *Walters* case predated our decision in *Rawlinson* and, at the time, the appropriate analysis for determining whether someone fell within the "professional" category for the purposes of Wyo. Stat. Ann. § 1–3–107(a) had not been fully developed by this Court. In *Walters,* the court looked to the definition of "professional" found in Wyo. Stat. Ann. § 9–2–1803(a)(iii) (LexisNexis 1991) to determine whether an outfitter would be considered a professional. That statute requires at least one year of specialized post-secondary education in order to fall within the professional category. Because no specific schooling is required for an outfitter to obtain its license, the court concluded that an outfitter was not a professional and, therefore, the two-year statute of limitations for professionals was inapplicable. *Walters,* 804 F.Supp. at 1446.

[¶ 9] Section 9–2–1803(a)(iii) defines the term "professional" as it is used in the Wyoming Professional Review Panel Act, 9–2–1801 *et seq.*, not as it is used in the Code of Civil Procedure, Wyo. Stat. Ann. § 1–3–107(a), where the two-year limitations period for professionals is found. In *Rawlinson,* ¶ 14, 64 P.3d at 123, we did not rely upon § 9–2–1803(a)(iii) when we set forth the analytical framework for determining whether someone is a "licensed ... or certified professional" within the meaning of § 1–3–

107(a). Rather, we applied this Court's well-settled rules of statutory interpretation:

[W]e must apply our well established test for interpreting statutes:

We first decide whether the statute is clear or ambiguous. This Court makes that determination as a matter of law. A statute is unambiguous if its wording is such that reasonable persons are able to agree as to its meaning with consistency and predictability. A statute is ambiguous only if it is found to be vague or uncertain and subject to varying interpretations.

If we determine that a statute is clear and unambiguous, we give effect to the plain language of the statute.

We begin by making an inquiry respecting the ordinary and obvious meaning of the words employed according to their arrangement and connection. We construe the statute as a whole, giving effect to every word, clause, and sentence, and we construe together all parts of the statute *in pari materia*.

If we determine that the statute is ambiguous, we resort to general principles of statutory construction to determine the legislature's intent.

*Id.* (internal citations and quotation marks omitted). In applying this analysis in the context of realtors, we concluded that "because licensure is required before a person may work in the real estate profession, realtors would seem to fall under the plain language of § 1–3–107(a)." *Id.,* ¶ 16, 64 P.3d at 124. In *Rawlinson* we also pointed out that the § 1–3–107(a) two-year statute of limitations has been applied to a number of other types of licensed professionals, including physicians, attorneys, surveyors, accountants, and chiropractors. *Id.,* ¶ 15, 64 P.3d at 123–24 (citing *Edwards v. Fogarty,* 962 P.2d 879 (Wyo.1998) (the statute applies to physicians); *Murphy v. Housel & Housel,* 955 P.2d 880 (Wyo.1998) (the statute applies to attorneys); *Bredthauer v. Christian, Spring, Seilbach and Associates,* 824 P.2d 560 (Wyo. 1992) (the statute applies to land surveyors); *Mills v. Garlow,* 768 P.2d 554 (Wyo.1989) (the statute applies to accountants); *Echols*

*v. Keeler,* 735 P.2d 730 (Wyo.1987) (the statute applies to chiropractors)).

[¶ 10] The Wyoming Outfitters and Guides Act requires that outfitters and guides obtain a license and sets forth qualifications necessary for licensure:

### § 23–2–407. License required for outfitters and professional guides.

(a) No person shall hold himself out as, engage in the business of or act in the capacity of an outfitter or shall engage in the occupation of a professional guide as an independent contractor or as an agent or employee, unless he is licensed as an outfitter or professional guide pursuant to this act.

(b) No person engaged in the business of or acting in the capacity of an outfitter or a professional guide is entitled to maintain an action for compensation of outfitting or guiding services provided to any other person unless he is licensed under this act at the time of providing services.

Outfitters and guides are also regulated by the State through the Board of Outfitters and Professional Guides. *See, e.g.,* Wyo. Stat. Ann. §§ 23–2–411 & 23–2–413 (LexisNexis 2005) (setting forth qualifications for outfitter licensure and requiring examination prior to licensure).

[¶ 11] The plain language of the Wyoming Outfitters and Guides Act defines guides as "professional." Wyo. Stat. Ann. § 23–2–407 (LexisNexis 2005). Furthermore, both outfitters and guides must be licensed before they can engage in the business of outfitting or guiding. *Id.* In order to become a licensed outfitter, an applicant must have "[e]xperience as a licensed **professional** guide for not less than one (1) year or similar experience accepted by the board." Wyo. Stat. Ann. § 23–2–411(a)(ii) (LexisNexis 2005) (emphasis added). Section 1–3–107(a) states that a "cause of action arising from an act, error or omission in the rendering of **licensed or certified professional** ... **services** shall be brought" within two years. (Emphasis added.) Consequently, we need not look any further than the plain language of § 1–3–107(a) to conclude that the two-year

statute of limitations applies to causes of action arising from an act, error or omission in the rendering of licensed outfitter or professional guide services.

### Statute of Limitations for Contract Claims

█ [¶ 12] Having concluded that the two-year statute of limitations applies to licensed outfitters and professional guides, we must now turn to the question of whether the limitation period applies to contract claims as well as tort claims. While we have referred to section 1–3–107(a) as "the professional malpractice statute," and we have recognized that "the premise of professional malpractice is usually based in tort," *see Richardson Assocs. v. Lincoln–Devore, Inc.*, 806 P.2d 790, 800 (Wyo.1991), we have not limited malpractice actions to tort claims. For example, in legal malpractice actions, we have recognized that claims may be based upon breach of contract and breach of fiduciary duty theories. *Peterson v. Scorsine*, 898 P.2d 382, 387 (Wyo.1995); *Jackson State Bank v. King*, 844 P.2d 1093, 1096–97 (Wyo. 1993).

[¶ 13] Section 1–3–107(a) states that the two-year statute of limitations applies to "[a] cause of action arising from an act, error or omission in the rendering of licensed or certified professional ... services." This language does not specifically refer to malpractice or tort actions, but rather applies to causes of action arising from the rendering of services. To conclude that it did not apply to breach of contract claims would defeat the purpose of the statute, essentially subjecting licensed professionals to a longer statute of limitations when they perform services pursuant to a contract.[1]

[¶ 14] In *Thunderbasin Land, Livestock & Inv. Co. v. Laramie County*, 5 P.3d 774, 782 (Wyo.2000), we recognized that "a specific statute controls over a general statute on the same subject." (citing *Rock Springs Ford Nissan v. State Bd. of Equalization, Wyoming Dept. of Revenue*, 890 P.2d 1100, 1103 (Wyo.1995)). Other courts have applied this rule of statutory preference in the context of statutes of limitations. That is, when there is a specific statute of limitations for professionals, that statute governs over more general statutes of limitations. In *Reinke Manufacturing Co., Inc. v. Hayes*, 256 Neb. 442, 590 N.W.2d 380, 387–88 (1999), the Supreme Court of Nebraska explained:

> Section 25–205 is a *general* statute of limitations for written contract claims. See *Kratochvil v. Motor Club Ins. Assn.*, 255 Neb. 977, 588 N.W.2d 565 (1999). Additionally, we have held that § 25–222 is a special statute of limitations for professional negligence. *Swassing v. Baum*, 195 Neb. 651, 240 N.W.2d 24 (1976). In *Kratochvil v. Motor Club Ins. Assn., supra*, we stated that, generally, absent a more specific statute, actions on written contracts may be brought within 5 years pursuant to § 25–205. We explained, however, that " '[a] special statute of limitations controls and takes precedence over a general statute of limitations because the special statute is a specific expression of legislative will concerning a particular subject.' " *Kratochvil v. Motor Club Ins. Assn.*, 255 Neb. at 986, 588 N.W.2d at 573(quoting *Murphy v. Spelts–Schultz Lumber Co.*, 240 Neb. 275, 481 N.W.2d 422 (1992)). Therefore, if Reinke's claims arise from its professional relationship with Hayes, then § 25–222 is the applicable statute of limitations and § 25–205 is not "more direct" or "equally applicable" to Reinke's breach of contract claim.
>
> By alleging various theories of recovery, Reinke attempts to parse its claims in order to obtain the advantage of longer periods of limitation and avoid the statutory bar of § 25–222. **If all of Reinke's claims are based on a single professional relationship, however, they may not be separated into various parts to allow different periods of limitation to be applied.** See *Maloley v. Shearson Lehman Hutton, Inc.*, 246 Neb. 701, 523 N.W.2d 27 (1994). In *Swassing v. Baum*, 195 Neb. at 657, 240 N.W.2d at 28, we explained that

---

1. The Wyoming statutes provide a ten-year statute of limitations for actions based upon contracts or written agreements, Wyo. Stat. Ann. § 1–3–105(a)(i) (LexisNexis 2005), and an eight-year statute of limitations for actions based upon contracts not in writing, Wyo. Stat. Ann. § 1–3–105(a)(ii)(A) (LexisNexis 2005).

"we do not believe that the Legislature in adopting the special statute of limitations for professional negligence, section 25–222, R.S.Supp., 1974, intended that the various aspects of the whole professional relationship should be separated...." Therefore, if Reinke's claims are for professional malpractice, whether pled in tort or contract, the statute of limitations for professional negligence contained in § 25–222 applies. See, *Witherspoon v. Sides Constr. Co.,* 219 Neb. 117, 362 N.W.2d 35 (1985); *Lincoln Grain v. Coopers & Lybrand,* 215 Neb. 289, 338 N.W.2d 594 (1983).

(Second emphasis added.)

[¶ 15]   We find this rationale to be persuasive.  If all of the claims against a licensed outfitter or professional guide arise from services provided as a result of the professional relationship, the claims may not be separated to provide a longer statute of limitations for the contract claim.  The more specific statute of limitations for professionals governs the relationship.

### ANSWERS TO CERTIFIED QUESTIONS

[¶ 16]   In summary, we answer the certified questions as follows:

1.  The two-year statute of limitations set forth in Wyo. Stat. Ann. § 1–3–107(a) applies to actions against licensed outfitters and professional guides.

2.  If a cause of action against a licensed outfitter or professional guide arises from an act, error or omission in the rendering of licensed or certified professional services, the two-year statute of limitations set forth in Wyo. Stat. Ann. § 1–3–107(a) applies regardless of whether the claim is pled in tort or contract.