# IN THE SUPREME COURT, STATE OF WYOMING

## 2013 WY 69

## APRIL TERM, A.D. 2013

## June 5, 2013

TRINITY ST. JOHN a/k/a TRINITY
POPE,

Appellant
(Defendant),

v.                                                                    S-12-0188

JOSHUA G. WAGNER, DDS, PC, d/b/a
DENTAL CARE OF JACKSON HOLE,

Appellee
(Plaintiff).

*Appeal from the District Court of Teton County*
*The Honorable Timothy C. Day, Judge*

*Representing Appellant:*
    Ryan R. Shaffer and Robert L. Stepans of Meyer, Shaffer & Stepans, PLLP, Jackson, Wyoming. Argument by Mr. Shaffer.

*Representing Appellee:*
    Lena K. Moeller and Jodanna L. Haskins of White & Steele, P.C., Denver, Colorado. Argument by Ms. Haskins.

*Before KITE, C.J., and HILL, VOIGT, BURKE, and DAVIS, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**VOIGT, Justice.**

[¶1]    Trinity St. John (the appellant), sought dental care from Dr. Joshua Wagner (the appellee).  Following a claim by the appellee alleging breach of contract, the appellant responded with a number of counterclaims, including a claim based on the Wyoming Consumer Protection Act (WCPA).  The district court dismissed all of the appellant's claims, ruling that they were time barred by the statute of limitations.  The appellant now appeals the dismissal of her WCPA claim.  We will reverse.

## ISSUE

[¶2]    Is a WCPA claim alleging unfair and deceptive trade practices by a dentist subject to Wyoming's two-year professional malpractice statute of limitations?

## FACTS

[¶3]    On October 19, 2006, the appellee performed dental work on the appellant at a cost of $7,860.  The appellant returned to the appellee's office the next day to make a partial payment on the amount owed, but the appellee's receptionist indicated that only full payment would be accepted.  Because the appellant was unable to pay the full cost of the dental services at that time, she was persuaded to apply for a "Care Credit" credit card.  She signed a blank application which she returned to the receptionist.  The application was soon approved and the appellee charged the credit card in the amount owed.  Later, the appellant learned the terms of the credit card included a 22.98% interest rate.  If the appellant failed to make the minimum monthly payment or failed to pay the balance in full within one year, the rate would increase to 26.99%.  The appellant received additional dental treatment from the appellee.

[¶4]    The appellee filed a complaint on June 2, 2009, alleging breach of contract by the appellant for failure to pay for dental services received.  Following a number of procedural events unrelated to the issue at hand, the appellant filed a motion for summary judgment on August 24, 2010, arguing that the appellee did not perform the services as stated in his complaint.  On August 27, 2010, the appellee attempted to dismiss his action, but the district court ultimately entered an order striking his notice of dismissal because the notice was predated by the appellant's motion for summary judgment.

[¶5]    On August 30, 2010, the appellant filed her answer and counterclaims alleging fraud/misrepresentation, negligent misrepresentation, violation of the WCPA, slander, and outrage.  In response, the appellee filed a motion to dismiss appellant's counterclaims, alleging the claims were barred by the statute of limitations.  The district court agreed with the appellee and granted his motion to dismiss the appellant's counterclaims.  The appellant now appeals that decision, but only with regard to the dismissal of her WCPA claim.

1

**STANDARD OF REVIEW**

[¶6]    "The application of a statute of limitations is a question of law that is reviewed *de novo*." *DeLoge v. Homar*, 2013 WY 33, ¶ 10, 297 P.3d 117, 120 (Wyo. 2013).

**DISCUSSION**

[¶7]    The district court determined that the appellant's WCPA counterclaim failed to comply with the following statute of limitations:

> (a) ***A cause of action arising from an act, error or omission in the rendering of licensed or certified professional or health care services*** shall be brought within the greater of the following times:
>
>> (i)    Within two (2) years of the date of the alleged act, error or omission, except that a cause of action may be instituted not more than two (2) years after discovery of the alleged act, error or omission, if the claimant can establish that the alleged act, error or omission was:
>>
>>> (A)  Not reasonably discoverable within a two (2) year period; or
>>>
>>> (B)  The claimant failed to discover the alleged act, error or omission within the two (2) year period despite the exercise of due diligence.

Wyo. Stat. Ann. § 1-3-107 (LexisNexis 2011) (emphasis added).  The appellee argues that the appellant's WCPA claim is time-barred by the statute because the claim arose out of the appellant's "professional relationship" with the appellee.  The phrase "professional relationship" is not, however, found in the above statute. For that reason, the appellee relies upon this Court's holding in *Prokop v. Hockhalter*, 2006 WY 75, 137 P.3d 131 (Wyo. 2006).  In that case, Prokop hired a professional hunting guide to take him on a guided bighorn sheep hunt.  Prokop terminated the hunt three days after the outing began. *Id*. at ¶ 4, at 132.  Two years and five days later, Prokop filed a claim alleging breach of contract, negligence, and intentional infliction of emotional distress.  *Id*. at ¶ 5, at 132-33.  Relying upon the two-year statute of limitations applicable to professional services found in Wyo. Stat. Ann. § 1-3-107(a), the federal district court granted summary judgment in favor of the hunting guide.  *Id*. at ¶ 5, at 133.  Following an appeal, the Tenth Circuit Court of Appeals certified the following questions to this Court: whether the relevant

statute of limitations applies to actions against professional hunting guides, and, if so, whether it applies to contract claims as well as tort claims. *Id*. at ¶ 1, at 132.

[¶8]     After concluding that professional hunting guides qualify as professionals for purposes of Wyo. Stat. Ann. § 1-3-107(a), this Court determined that the statute of limitations at issue applied to contract claims as well as tort claims. *Prokop*, 2006 WY 75, ¶ 16, 137 P.3d at 136.  We relied upon a Nebraska Supreme Court case holding that "[i]f all [] claims are based on a single *professional relationship* [] they may not be separated into various parts to allow different periods of limitation to be applied." *Reinke Mfg. Co., Inc. v. Hayes*, 590 N.W.2d 380, 387 (Neb. 1999) (emphasis added).   The appellee concludes that, because the appellant's WCPA claim "undoubtedly arises out of her professional relationship" with the appellee, the two-year statute of limitations applies and the claim was properly dismissed.

[¶9]     Neither party disputes the fact that dentistry qualifies as a licensed profession. The question before us, therefore, is limited to whether the appellant's WCPA claim arose "from an act, error or omission in the rendering of licensed or certified professional or health care services."  Wyo. Stat. Ann. § 1-3-107(a).  By contending that Wyo. Stat. Ann. § 1-3-107 is applicable, the appellee misinterprets *Prokop* and construes "professional relationship" to include a broader range of activity than intended by the legislature.  The circumstances surrounding the appellant's and the appellee's dispute do, indeed, derive from the fact that the appellant sought the appellee's professional services. All interactions between dentist and patient do not, however, constitute the rendering of professional services under the statute.  In *Reinke*, upon which *Prokop* relies, the court determined that application of the two-year statute of limitations would require a determination of whether the professional was "acting in a 'professional' capacity." *Reinke*, 590 N.W.2d at 388.

> In determining whether a particular act is of a professional nature or a professional service, the court must look to the nature of the act itself and the circumstances under which it was performed. *Swassing v. Baum*, 195 Neb. 651, [656,] 240 N.W.2d 24[, 27] (1976).  A professional act or service is one arising out of a vocation, calling, occupation, or employment involving specialized knowledge which is attained from often long and intensive preparation and instruction in skills and methods and the scientific, historical, and scholarly principles underlying such skills and methods. *Jorgensen v. State Nat. Bank & Trust*, [255 Neb. 241, 245, 583 N.W.2d 331, 334 (1998)].

*Reinke*, 590 N.W.2d at 388.  This is similar to the language of our professional malpractice statute of limitations, which by its terms applies to "a cause of action arising

3

from an act, error or omission *in the rendering of licensed or certified professional or health care services*." Wyo. Stat. Ann. § 1-3-107(a) (emphasis added).  The appellee is a licensed provider of dental care.  He acts in his professional capacity when he performs dentistry.  While there may be instances where a professional's billing practices are so closely intertwined with his or her professional services so as to be considered part of those professional services, that is not true in this case.  Requiring a patient to obtain credit from a particular credit card company falls beyond the provision of "licensed or certified professional health care services."

## CONCLUSION

[¶10]  The appellant's WCPA claim alleges that the appellee committed unfair and deceptive trade practices by compelling the appellant to obtain a credit card from a particular credit card company to settle her account.  Such a claim is not based on the rendering of professional or health care services and, therefore, the two-year statute of limitations for professional malpractice is inapplicable.  We reverse the district court's order of dismissal and remand the case to the district court for further proceedings consistent with this opinion.

4