# IN THE SUPREME COURT, STATE OF WYOMING

## 2020 WY 51

APRIL TERM, A.D. 2020

*April 20, 2020*

DONALD DEAN FOLTZ, JR.,

Appellant
(Plaintiff),

v.

S-19-0234

ERIK JOHANNES OBLASSER and
CORTHELL and KING LAW OFFICE, PC,

Appellees
(Defendants).

*Appeal from the District Court of Albany County*
*The Honorable Tori R.A. Kricken, Judge*

*Representing Appellant:*
> Donald D. Foltz Jr., pro se.

*Representing Appellee:*
> Anna M. Reeves Olson, Park Street Law Office, Casper, Wyoming.

*Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BOOMGAARDEN, Justice.**

[¶1]   Donald D. Foltz, Jr. sued Erik J. Oblasser and his law firm Corthell & King, P.C. (collectively, Mr. Oblasser), seeking return of the $30,000 retainer Mr. Foltz paid Mr. Oblasser to defend him against a first degree murder charge.   Mr. Oblasser moved to dismiss the complaint under W.R.C.P. 12(b)(6) because Mr. Foltz filed his complaint outside the professional malpractice statute of limitations.  Mr. Foltz argued the complaint, "[a]t its essence," asserted breach of contract and fraud claims governed by longer statutes of limitations.  The district court disagreed with Mr. Foltz and dismissed his complaint. We affirm.

## *ISSUE*

[¶2]   Does the two-year professional malpractice statute of limitations set forth in Wyo. Stat. Ann. § 1-3-107(a)(i) bar Mr. Foltz's complaint?

## *BACKGROUND*

[¶3]   In May 2015, Mr. Foltz retained Mr. Oblasser to defend him against a first degree murder charge.  Mr. Foltz paid a $30,000 retainer, and Mr. Oblasser entered his appearance. When the State decided to seek the death penalty, Mr. Oblasser moved to withdraw from representation because he was not death penalty certified and thus could not independently represent Mr. Foltz.  *See Eaton v. State*, 2008 WY 97, ¶ 37, 192 P.3d 36, 62 (Wyo. 2008) (adopting the *American Bar Association Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases* (February 2003)).   The court allowed Mr. Oblasser to withdraw and appointed two death penalty certified State Public Defenders to represent Mr. Foltz.  The State Public Defender's Office permitted Mr. Oblasser to assist in Mr. Foltz's defense under a "pro bono agreement[,]" and Mr. Oblasser re-entered an appearance "acting as [an] Assistant Public Defender[.]"  Mr. Oblasser continued in that capacity even after the State withdrew its death penalty election.

[¶4]   A jury convicted Mr. Foltz of first degree murder following a two-week trial in the fall of 2016.  The district court sentenced him to life imprisonment without the possibility of parole on January 19, 2017.  We affirmed his conviction and sentence in *Foltz v. State*, 2017 WY 155, 407 P.3d 398 (Wyo. 2017).

[¶5]   In October 2018, Mr. Foltz contacted Mr. Oblasser, requesting that he return the $30,000 retainer.  Mr. Oblasser refused to refund the retainer, explaining he represented Mr. Foltz through trial.

[¶6]   Mr. Foltz sued Mr. Oblasser and his firm on May 9, 2019.  His pro se complaint alleged Mr. Oblasser knew the State could choose to pursue the death penalty and if the State did pursue the death penalty he would no longer be able to represent Mr. Foltz.  The

complaint further alleged Mr. Oblasser could not provide competent representation under Rule 1.1 of the Wyoming Rules of Professional Conduct; violated Rule 1.5(a) by charging a $30,000 retainer knowing he could not represent Mr. Foltz if the State elected to seek the death penalty; and, violated Rule 1.16(d) by withdrawing from representation without refunding the retainer. Finally, Mr. Foltz alleged:

> Defendant Oblasser did not fulfill the requirements and standard of Professional Conduct in that of Attorneys and client relations. It would be un-ethical for any individual to enter into a contract with prior knowledge that the contract could not be fulfilled and in such to further pursue and [e]nter into any contract would be a serious lack of professional conduct could be reviewed as nothing more than a "scheme" to take a person's money.

He demanded compensatory and punitive damages.

[¶7]  Mr. Oblasser moved to dismiss Mr. Foltz's complaint, asserting it was barred by the professional malpractice statute of limitations set forth in Wyo. Stat. Ann. § 1-3-107(a)(i). He maintained the two-year statute of limitations period began to run when he withdrew from representation in June 2015. Mr. Oblasser claimed in any event Mr. Foltz knew or should have known he had a cause of action no later than his January 2017 sentencing date. Consequently, whether the two-year statute of limitations ran in June 2017 or January 2019, Mr. Foltz's complaint was untimely.

[¶8]  Mr. Foltz opposed Mr. Oblasser's motion, relying heavily on his status as a pro se litigant. He claimed the dispute involves claims for "breach of [c]ontract and fraud" which fall, respectively, within the 10- and four-year limitation periods under Wyo. Stat. Ann. § 1-3-105. If his complaint is read this way, he reasoned the professional malpractice statute of limitations did not bar all his claims.

[¶9]  The district court dismissed Mr. Foltz's complaint, noting that even if it considered Mr. Foltz's breach of contract and fraud argument, the complaint suffered two significant pleading deficiencies: Rule 8(a)(2) required his complaint to contain "a short and plain statement" of any contract or fraud claim showing that Mr. Foltz is entitled to relief, and Rule 9(b) required Mr. Foltz to plead fraud "with particularity[.]" W.R.C.P. 8(a)(2), 9(b). Having failed to comply with those rules, the court determined Mr. Foltz's complaint alleged only professional malpractice claims. The court concluded "any acts, errors or omissions" providing the basis for the professional malpractice claims occurred no later than Mr. Foltz's sentencing in January 2017. Wyo. Stat. Ann. § 1-3-107 therefore barred Mr. Foltz's complaint filed over two years and three months later, in May 2019.

[¶10]  Mr. Foltz timely appealed.

## STANDARD OF REVIEW

[¶11]  When reviewing a district court's order granting a motion to dismiss:

> (1) we accept the facts stated in the complaint as true and view them in the light most favorable to the appellant; (2) we sustain the dismissal only if it is certain from the face of the complaint that the appellant cannot assert any facts that would entitle him to relief; (3) we employ the same standards and examine the same materials as did the district court; and (4) such review is *de novo*.

*Fritchel v. White*, 2019 WY 117, ¶ 10, 452 P.3d 601, 604 (Wyo. 2019) (quoting *Dowlin v. Dowlin*, 2007 WY 114, ¶ 6, 162 P.3d 1202, 1204 (Wyo. 2007)).

## DISCUSSION

[¶12]  Mr. Foltz filed his complaint and presents this appeal pro se.  He concedes he did not file his complaint within the two-year statute of limitations applicable to a professional malpractice suit.  Instead, he argues the complaint should be read to assert breach of contract and fraud claims subject to 10- and four-year statutes of limitations, respectively.  We agree with the district court that Mr. Foltz did not plead a fraud claim with the particularity required by Rule 9(b), W.R.C.P. 9(b), and conclude the two-year professional malpractice statute of limitations bars his complaint even if breach of contract was adequately pled.  *See Prokop v. Hockhalter*, 2006 WY 75, 137 P.3d 131 (Wyo. 2006).

[¶13]  In *Prokop*, we held that the professional malpractice statute of limitations governs tort (professional negligence) and contract claims arising from the rendering of professional services.  *Id.* ¶ 16, 137 P.3d at 136.  Answering a certified question from the United States Court of Appeals for the Tenth Circuit, we concluded Wyo. Stat. Ann. § 1-3-107, the more specific statute, governs "causes of action arising from the rendering of services" irrespective of whether the complaint pleads professional negligence or breach of contract.  *Id.* ¶¶ 1–2, 13–14, 137 P.3d at 132, 135–36.  To conclude otherwise "would defeat the purpose of the statute" and allow licensed professionals to be sued for their conduct outside the two-year statute of limitations.  *Id.* ¶ 13, 137 P.3d at 135.  Thus, if a cause of action "arises from an act, error or omission in the rendering of licensed or certified professional services, the two-year statute of limitations set forth in Wyo. Stat. Ann. § 1-3-107(a) applies regardless of whether the claim is pled in tort or contract."  *Id.* ¶ 16, 137 P.3d at 136.

[¶14]  Mr. Foltz's alleged contract claim arises from his professional relationship with Mr. Oblasser.  Viewing the facts in the complaint in the light most favorable to Mr. Foltz, they allege Mr. Oblasser withdrew as his counsel after accepting the $30,000 retainer.  They

3

clearly and repeatedly reference Mr. Oblasser's representation of Mr. Foltz and relate specifically to Mr. Oblasser rendering professional legal services to Mr. Foltz. Thus, regardless whether the complaint pled a contract claim, Mr. Foltz cannot avoid the two-year statute of limitations under Wyo. Stat. Ann. § 1-3-107.

[¶15] Mr. Foltz broadly argues he did not discover the act, error or omission giving rise to his suit until October 2018, when Mr. Oblasser refused to return the $30,000 retainer.

[¶16] "Under the discovery rule, 'a statute of limitation[s] is triggered when a plaintiff knows or has reason to know of the existence of a cause of action.'" *Pioneer Homestead Apts. III v. Sargent Eng'rs Inc.*, 2018 WY 80, ¶ 17, 421 P.3d 1074, 1079 (Wyo. 2018) (quoting *Robert L. Kroenlein Trust v. Kirchhefer*, 2015 WY 127, ¶ 16, 357 P.3d 1118, 1124 (Wyo. 2015)). "The limitations clock begins to run 'when a reasonable person should have been placed on notice of his claim.'" *Id.* (quoting *Kroenlein Trust*, ¶ 16, 357 P.3d at 1124). This rule applies to the two-year professional malpractice statute of limitations. Wyo. Stat. Ann. § 1-3-107(a)(i) (LexisNexis 2019).

[¶17] Accepting the facts stated in the complaint as true and viewing them in the light most favorable to Mr. Foltz, several events occurred before October 2018 to put him on notice he may have a claim against Mr. Oblasser. In June 2015, Mr. Oblasser filed a motion to withdraw because he could not meet the ABA requirements to defend Mr. Foltz as lead counsel in a death penalty case. At that point, Mr. Foltz knew or should have known Mr. Oblasser agreed to represent him without being qualified to do so. *See Pioneer Homestead*, ¶ 17, 421 P.3d at 1079. Giving Mr. Foltz every benefit of doubt, he certainly knew or should have known all ramifications of his payment to Mr. Oblasser prior to Mr. Oblasser's withdrawal, and Mr. Oblasser's subsequent re-entry and representation, no later than his sentencing in January 2017. If the discovery rule tolled the two-year statute of limitations until January 19, 2017, the limitations period ran on January 22, 2019—more than three months before Mr. Foltz filed his complaint. Wyo. Stat. Ann. § 1-3-107 therefore bars Mr. Foltz's complaint.

## *CONCLUSION*

[¶18] Mr. Foltz failed to plead his fraud claim with the particularity required by Rule 9(b), and his breach of contract claim, if any, arises out of his professional relationship with Mr. Oblasser. Mr. Foltz knew or should have known of his alleged cause of action against Mr. Oblasser no later than January 19, 2017. He filed his complaint on May 9, 2019. The two-year professional malpractice statute of limitations therefore bars his complaint. Wyo. Stat. Ann. § 1-3-107; *Prokop*, ¶ 16, 137 P.3d at 136.

[¶19] Affirmed.