**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 4, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

DAVID FERTIG,

    Plaintiff - Appellant,

v.

SEDGWICK, INC.; EFI GLOBAL, INC.,

    Defendants - Appellees,

and

RYAN ALLAIRE,

    Defendant.

No. 21-8028
(D.C. No. 0:21-CV-00030-ABJ)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **KELLY**, and **CARSON**, Circuit Judges.
_____

Plaintiff David Fertig appeals the dismissal of his claims against Defendants

Sedgwick, Inc. and EFI Global, Inc. (EFI) under Fed. R. Civ. P. 12(b)(6) due to the

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

expiration of the statute of limitations.  Exercising jurisdiction under 28 U.S.C. § 1291,[1] we affirm.

## BACKGROUND[2]

Fertig bought a home in Wheatland, Wyoming in 2015.  The home included a large, detached shop.  He hired a local company, A&M Electric, to perform an electrical inspection of the property and correct any deficiencies.  A&M ultimately performed significant electrical work on the property.  Sometime after A&M completed its work, a fire broke out in the shop, destroying it and a significant amount of Fertig's personal property that he had stored there.

Unbeknownst to Fertig at the time, the company that underwrote his home insurance policy, Mountain West Farm Bureau, also insured A&M through an electrical contractors' general liability policy.  This general liability policy had much higher policy limits than Fertig's homeowners' policy.

---

[1] Fertig filed his notice of appeal on May 28, 2021.  However, at that time claims remained pending against unserved Defendant Ryan Allaire.  On July 16, 2021, Fertig filed an amended notice of dismissal with prejudice as to Allaire in the district court.  Thus, the court's dismissal of claims against Sedgwick and EFI was a final judgment, and Fertig's premature notice of appeal ripened when Fertig dismissed Allaire.  *See Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1111 (10th Cir. 2007) (concluding notice of appeal filed before dismissal of unserved defendants ripened upon dismissal of these defendants).

[2] The facts set forth here come from Fertig's Amended Complaint, the well-pleaded allegations of which we take as true for purposes of analyzing a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  *See Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019).

Mountain West contracted with EFI to investigate the cause of the fire. Fertig alleges that, initially, the investigators issued a report concluding the fire was the fault of A&M, but Mountain West pressured EFI into issuing a second report exonerating A&M and thus triggering coverage only under the much smaller homeowners' policy. He further alleges that, in the course of its investigation, EFI destroyed evidence from the fire in violation of an agreement he negotiated with the company for storage of his property. Based on his receipt of an interrogatory response from Mountain West in state-court litigation stating that it no longer had control of any items from the property, Fertig argued "the earliest date that [he] could have learned of Defendants' actions was February 16, 2018." Aplt. App. at 87.

Fertig filed suit against EFI and its parent company, Sedgwick, on February 16, 2021, alleging that they acted in concert with his insurer to mislead and defraud him. He pleaded claims for fraud, constructive fraud, collusion, breach of contract, and breach of the implied covenant of good faith and fair dealing. Sedgwick and EFI moved to dismiss, arguing all of Fertig's claims arose from EFI's professional engineering services and were therefore subject to Wyoming's two-year statute of limitations for claims arising out of professional services.

Fertig, in response, did not dispute the two-year statute of limitations would bar his claim if it applied, but he argued the statute did not apply because "at no time did Defendants render professional services *to Plaintiff*." Aplt. App. at 80 (emphasis added); *see also id.* at 87 ("At no point in time did Defendants ever work for Fertig or render any services on Fertig's behalf. As such, it is impossible that any of Fertig's

3

claims against the Defendants arose from Fertig's professional relationship with Defendants."). Instead, Fertig argued that the ten-year or eight-year statute of limitations for written or verbal contracts applied.

The district court granted the motion, concluding that under Wyoming law the two-year statute of limitations for claims arising out of professional services applies even to claimants who were not in privity with the professional and that all of Fertig's claims arose out of the professional engineering services EFI rendered during the fire investigation. This appeal followed.

## DISCUSSION

"Because this is a diversity case, we rely on the substantive law of [Wyoming] and apply federal procedural law." *Ahrens v. Ford Motor Co.*, 340 F.3d 1142, 1145 (10th Cir. 2003). "We review de novo a district court's decision on a Rule 12(b)(6) motion for dismissal for failure to state a claim. Under this standard, we must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019) (italics, citation, and internal quotation marks omitted). "We also review de novo a district court's ruling regarding the applicability of a statute of limitations." *Plaza Speedway Inc. v. United States*, 311 F.3d 1262, 1266 (10th Cir. 2002) (internal quotation marks omitted).

Wyoming Statute § 1-3-107(a) creates a two-year statute of limitations for "cause[s] of action arising from an act, error or omission in the rendering of licensed or certified professional . . . services." On appeal, Fertig presents a number of

4

arguments as to why this statute does not apply. His arguments focus on the nature of the activities Sedgwick and EFI undertook giving rise to his claim. For instance, he argues that neither Sedgwick, EFI, nor the individuals who performed services on their behalf qualified as "professionals" under Wyoming law, Aplt. Opening Br. at 13, 14; that the services they performed were not "professional services" under Wyoming law, *id.* at 17; and that the one licensed professional EFI employed, dismissed Defendant Ryan Allaire, "had a de minimis role and relationship to Fertig's damages," *id.* (italics omitted).

Fertig, though, did not make these arguments before the district court, so we will not consider them here. *See Tele-Commc'ns, Inc. v. Comm'r*, 104 F.3d 1229, 1233 (10th Cir. 1997) ("[A]n issue must be presented to, considered and decided by the trial court before it can be raised on appeal." (internal quotation marks and brackets omitted)). The only issue Fertig presented to the trial court—and the only issue it subsequently considered and decided—was whether Wyo. Stat. § 1-3-107 applied even though Sedgwick and EFI "did not work for or provide any services to Fertig," but instead "were working for [Mountain West] who[se] interests were directly adverse to Fertig." Aplt. App. at 84. He did not argue that the application of Wyo. Stat. § 1-3-107 turned on the nature of the services or qualifications of the service providers, but instead focused exclusively on whether the statute applied in the absence of contractual privity.

In arguing he did preserve the arguments he now offers on appeal, Fertig points to his discussion of two Wyoming Supreme Court cases—*Prokop v.*

5

*Hockhalter*, 137 P.3d 131 (Wyo. 2006), and *Foltz v. Oblasser* 461 P.3d 417 (Wyo. 2020)—in his opposition to the motion to dismiss.  But Fertig's discussion of *Prokop* and *Foltz* before the district court focused on the nature of the relationship between the professional and the claimant.  He asserted:  "When reviewing both *Prokop* and *Foltz*, it becomes readily apparent that both cases involved a client suing his professional service provider for conduct within the scope of the professional services rendered *to that client*."  Aplt. App. at 86 (emphasis added).  He did not argue the nature of the activities themselves determined whether they "ar[ose] from an act, error or omission in the rendering of licensed or certified professional . . . services."  Wyo. Stat. § 1-3-107(a).

As Fertig now concedes, under Wyoming law "contractual privity is not required to invoke the application of the professional statute of limitations."  Aplt. Reply Br. at 10; *see also Hulse v. BHJ, Inc.*, 71 P.3d 262, 268 (Wyo. 2003) (applying two-year statute of limitations to buyers' professional liability claim against real estate broker despite lack of a contractual or fiduciary relationship between buyers and broker).  The district court therefore did not err in concluding the statute of limitations ran in February 2020, so Fertig's claims were time-barred.

**CONCLUSION**

We affirm the judgment of the district court.

Entered for the Court

Joel M. Carson III
Circuit Judge